THE MORRIS PLAN COMPANY OF RHODE ISLAND *vs.* HARRY KATZ *et al.*

MARCH 13, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This case is before us on the exception of the defendant Golden to an order of the Superior Court in supplementary proceedings. The defendants, Harry Katz, Jacob Golden and two others, were co-makers on a joint and several note payable to the plaintiff for $1,000. Upon default, the plaintiff brought suit by writ dated July 28, 1932, against both Katz and Golden, and attached Golden's interest in certain real estate in the City of Providence which then stood in the name of himself and wife as tenants in common. The writ was duly entered in the Superior Court on the return day, but no appearance or answer was ever filed by either defendant at any time, although it appears that an attorney representing one or both of the defendants had some dealings with counsel for the plaintiff for the purpose of adjusting the matter without further proceedings in court. During the time that the case remained inactive the plaintiff received a number of payments on account of its claim. A *nil dicit* judgment was entered on motion of the plaintiff on March 29, 1935, and on April 18, 1935, an execution, returnable October 18, 1935, was issued on this judgment commanding that it be served against the defendants "Harry Katz alias *and* Jacob Golden alias." (Italics ours.) This execution was returned to the Superior Court April 30, 1935, with the following return endorsed thereon:

"Providence, Sc.
Providence, R. I.
April 26, 1935.

"I have made demand upon the within named defendant Jacob Golden, alias, for the sum due on the within Execution, and he refusing to pay the same, I

herewith return this Execution to Court wholly un-
satisfied, there being no real or personal estate of said
defendant upon which to levy.

GEORGE H. BATES
Deputy Sheriff."

The same day, April 30, 1935, that this execution so en-
dorsed was filed in the Superior Court, the plaintiff applied
for and received a citation in supplementary proceedings
directed to the defendant Golden returnable May 14, 1935.
At the conclusion of a hearing held on that day, the de-
fendant Golden was ordered to make certain monthly pay-
ments in satisfaction of the plaintiff's judgment and exe-
cution.

The only question raised by Golden's bill of exceptions
is whether the Superior Court had jurisdiction to make
any order in supplementary proceedings against him under
the facts in this case. The question thus raised is not
how an execution may be levied in the ordinary case, but
how an execution must be levied to support supplementary
proceedings. The control that a party or his attorney may
have over an execution which is not to be used as a basis
for supplementary proceedings is not before us, and we,
therefore, express no opinion in reference thereto.

The plaintiff in the instant case seeks the benefit of
General Laws, 1923, Chapter 354, entitled "Of the Remedy
Given Judgment Creditors Supplemental to Execution."
Section 1 provides that: "On the filing of an application
by the judgment creditor, execution on whose judgment
has been returned either wholly or in part unsatisfied and
unpaid", the clerk or a justice of the court rendering such
judgment shall issue a citation to the judgment debtor to
appear at a fixed time to show cause why an examination
into his circumstances should not be made and a decree
entered ordering him to pay such judgment in full or by
instalment. Section 2 provides that, if a judgment debtor
fails to comply with a decree ordering payment in full or
by instalments and he can show no good cause for such

noncompliance, the judgment debtor may, following certain preliminary proceedings, be committed to jail "by order of the court in contempt proceedings." This statute is summary and, therefore, should be strictly construed.

The return of an execution wholly or in part unsatisfied and unpaid is a condition precedent to an application by the judgment creditor for supplementary proceedings. Compliance with this requirement of the statute is jurisdictional. The execution, though issued for the benefit of the prevailing party, sets forth the mandate of the court, and that mandate must be executed in strict accordance with its tenor before the court issuing the execution can acquire jurisdiction in supplementary proceedings. It may be that where supplementary proceedings are not contemplated, the judgment creditor may, within lawful limits, control the execution for his best advantage. Irrespective of whatever privileges, if any, a judgment creditor may exercise in such a case, it is clear to us that he cannot vary or interfere with the mandate of the court as described in the execution, if the execution is to be the foundation for supplementary proceedings.

In the instant case it was within the power of the plaintiff to secure a separate execution against each defendant or a joint and several execution against both. But it chose to do otherwise and secured an execution against "Harry Katz alias *and* Jacob Golden alias." (Italics ours.) The sheriff's return to the execution shows that it was served only on Golden, whereas the execution commanded that it be served on both Katz and Golden. The plaintiff urges upon us the rule stated in *Angell & Son* v. *Bowler*, 3 R. I. 77, and *Turks Head Tailoring Co.* v. *Anthony*, 38 R. I. 7, to the effect that the sheriffs return to a writ or other process is conclusive and cannot be controverted collaterally, except in cases provided by statute. The plaintiff overlooks the fact that to come within the scope of these decisions it must clearly appear from the return itself that the sheriff has executed the particular process

under consideration as commanded. This is not the fact in the instant case. In supplementary proceedings the court is not precluded by the sheriff's return if it shows on its face that it is false or incomplete. See *Moyer* v. *Moyer*, 40 N. Y. 258. The failure of the sheriff in the case at bar to serve the execution on both Harry Katz and Jacob Golden as commanded divests the execution of that element of finality that is required in an execution for supplementary proceedings.

In support of its position the plaintiff cites the cases of *Westfall* v. *Dunning*, 14 A. (N. J.) 486, *D. L. Adams Co.* v. *Federal Glass Co.*, 180 Ind. 576, and *Stern* v. *The Columbus Mutual Life Ins. Co.*, 39 Ohio App. 498, which deal with supplementary proceedings. These cases are not pertinent, for the reason that the statutes in those States are different from our statute. They provide as follows: In New Jersey: "When an execution against the property of *any* debtor" is returned unsatisfied. Compiled Statutes of New Jersey, (1910), Vol. 2, 2249, § 23. In Indiana: "When an execution against the property of a judgment debtor *or any of the several debtors in the same judgment*" is returned unsatisfied. Baldwin's Indiana Statutes, (1934), § 671. In Ohio: "When an execution against the property of a judgment debtor *or of one of several debtors in the same judgment*" is returned unsatisfied. Code of Ohio, (1929), § 11768. (Italics ours in each instance.) These provisions were apparently the same when the cases cited by the plaintiff were decided. Our statute is cast in no such terms.

For the reasons stated, the exception of the defendant Golden is sustained and the case is remitted to the Superior Court for further proceedings.

*David B. Lovell, Jr., Hart, Gainer & Carr,* for plaintiff.

*Lester T. Murphy,* for defendant.