## Michael P. TRAINOR

v.

## Paul GRIEDER.

### No. 2006–140–Appeal.

Supreme Court of Rhode Island.

June 11, 2007.

Robert Brady, Esq., East Providence, for Plaintiff.

J. Ronald Fishbein, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

### OPINION

Chief Justice WILLIAMS, for the Court.

This matter comes to us on the appeal of the defendant, Paul Grieder (defendant), from an order of the Superior Court increasing his monthly payment obligation on an outstanding civil judgment entered against him in 1992. This case came before the Supreme Court for oral argument on April 9, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the record and memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the reasons set forth herein, we vacate the ruling of the Superior Court.

### I

#### Facts and Travel

On April 23, 1990, defendant pled *nolo contendere* and was convicted of one count of simple assault and battery and one count of felony assault for an attack he perpetrated against plaintiff, Michael P. Trainor (plaintiff), in July 1988.[1] Later that year, plaintiff filed a civil suit against defendant in the Superior Court seeking damages for the injuries he suffered from

---

1. On the simple assault and battery charge, defendant was sentenced to one year imprisonment, all time suspended, with probation. On the felony count, defendant was sentenced to three years, all suspended, with probation. The sentences were to run concurrently.

this assault. In 1992, judgment was entered for plaintiff on an oral proof of claim for $1.5 million, plus interest and costs.

The defendant's failure to satisfy the judgment prompted plaintiff to begin a now fifteen-year odyssey to compel the award. After attempting to attach defendant's wages, plaintiff repeatedly moved the court for a citation in supplementary proceedings. One of these motions won plaintiff a hearing in April 2002, at which a hearing justice ordered defendant to pay plaintiff $400 per month on the judgment. A formal order to this effect was issued in May 2002.

The defendant failed to make any payments in accordance with this order, prompting plaintiff to file a motion to adjudge defendant in contempt. After a hearing on this motion in August 2002, the hearing justice found defendant in willful contempt of the May 2002 order, but deferred the imposition of sanctions until September 19, 2002.

When the matter finally came up for hearing again on March 31, 2004,[2] a different justice continued the hearing to May 17, 2004, but ordered defendant to pay plaintiff $5,800 before that date and to remain current on his $400–per–month obligation. The docket entry for this March 31 hearing listed the action taken as follows: "The matter is [continued] for hearing on the issue of contempt of [defendant] to [May 17, 2004]." The defendant complied with this order and the matter finally was set for hearing on September 22, 2004.

Sometime before the September 22 hearing, defendant filed a "motion in li-

*mine*" to preclude plaintiff "from going into the underlying background and facts giving rise to the judgment, and any testimony regarding the present physical state of [plaintiff], or permitting [plaintiff] to testify in any manner whatsoever."

At the September 22 hearing, defendant suggested that only the merits of his previously-filed motion *in limine* were to be considered by the hearing justice. The plaintiff, however, urged that both the deferred hearing on sanctions for contempt and defendant's ability to pay were properly before the court. After a sidebar, the hearing justice ruled that the purpose of the proceeding was "to assess what ability [defendant] has to pay towards the judgment that was obtained in this matter." The defendant lodged his exception to this ruling.

After hearing defendant's testimony and arguments from counsel, the hearing justice made his ruling. He found virtually all of defendant's testimony incredible, concluding that nothing "prevents [defendant] from working a normal forty-hour work week like most of the people who are able-bodied and interested in working[.]" Significantly, the hearing justice opined that "[t]o corroborate his testimony [about his expenses] he could have offered documents[,] * * * [and] he would have been better prepared to bolster his testimony before the court. Without that his testimony standing alone is simply not believable." Disbelieving defendant's purported $1,200 monthly income, the hearing justice found that defendant has an "earning capacity" of double that amount, or $2,400, because "he is either making more,

---

**2.** The record offers an explanation for this inordinate delay. At some point in the interim, defendant filed an action in the Bankruptcy Court seeking to discharge his indebtedness to plaintiff. This action effectively stayed the contempt proceedings in the Superior Court. It was not until plaintiff obtained summary judgment in Bankruptcy Court that he sought to revive the Superior Court contempt proceedings by refiling his motion for sanctions and counsel fees on September 17, 2003. The matter was scheduled for hearing on October 20, 2003, but was continued several times.

or * * * he is clearly capable of making substantially more than that figure." Accordingly, the hearing justice ordered defendant to pay plaintiff $800 per month, doubling his previous obligation. The defendant timely appealed.

## II

## Analysis

Although defendant raises several arguments on appeal, we need address only one. He claims that his ability to pay was not properly before the hearing justice in supplementary proceedings. We agree.

A judgment creditor aggrieved by an unsatisfied execution has two options to compel payment from the debtor: institute a civil action pursuant to G.L.1956 § 9–28–1, or file an application for citation to initiate supplementary proceedings under §§ 9–28–3 through 9–28–7. *Rhode Island Hospital v. Collins,* 117 R.I. 535, 536, 368 A.2d 1225, 1226–27 (1977). The latter route enables the Superior Court to determine whether the defendant is able to pay all or part of the outstanding judgment and, accordingly, order him or her to satisfy the judgment outright or through periodic payments. Section 9–28–5; *Collins,* 117 R.I. at 536, 368 A.2d at 1227.

A hearing justice's initial determination of a debtor's ability to pay can be reexamined in one of two ways. First, pursuant to § 9–28–5, if it is initially determined that a debtor has *no* ability to pay either in full or in part, that finding

"shall be subject to revision on like notice and inquiry and on proof of changed circumstances of the debtor; but no subsequent citation to the debtor shall issue until the creditor * * * has filed in court an affidavit setting forth evidence of such a change in the circumstances of the debtor as shall satisfy the court that a new inquiry as to the debtor's ability

to pay the judgment shall be made." *See also* Super. R. Civ. P. 69(c)(2).

If, however, it is initially determined that a debtor *is* able to pay, § 9–28–7 governs any reexamination of such an order:

"The court may, at any time on written notice to the adverse party or his or her attorney of record, for cause shown, revise, modify, or suspend a decree made in any proceedings under this chapter." *See also* Rule 69(c)(2).

In the present case, it initially was determined that defendant was capable of paying $400 per month toward satisfaction of plaintiff's judgment. Therefore, any reexamination of this initial determination was governed by § 9–28–7, which required that plaintiff show cause for revisiting defendant's ability to pay and provide defendant with written notice of a hearing for that purpose. This statutory procedure was not followed here: defendant was not provided with written notice of a second hearing on his ability to pay and plaintiff made no attempt to justify such a hearing by showing cause why the Superior Court should reconsider defendant's ability to pay. Indeed, the last action taken in this matter in the Superior Court was before the September 22 hearing and, in the docket, was described as "[continued] for hearing on the issue of *contempt* of [defendant]." (Emphasis added.) Accordingly, the only issue properly before the Superior Court on September 22, 2004, was the appropriate sanctions and attorney's fees to be imposed against defendant as a result of the August 2002 willful contempt order.

We understand the hearing justice's pique with this difficult and disturbing case, and we sympathize with the plaintiff's plight. Nevertheless, the General Laws foreclose reexamining a debtor's ability to pay absent cause shown and notice to the debtor. Section 9–28–7. In this case, the defendant was remarkably

unprepared to corroborate with documentary evidence his testimony concerning his purported expenses. In fact, the hearing justice partially relied on this deficiency in finding the defendant's testimony incredible. Therefore, the defendant was prejudiced by this lack of notice.

### Conclusion

In light of our decision herein, the ruling of the Superior Court is vacated, and the prior order of April 30, 2002, requiring the defendant to pay the plaintiff $400 per month, is reinstated from that date forward. Nothing herein should be construed as preventing the plaintiff from revisiting the defendant's ability to pay or to seek to compel payment by instituting a civil suit in accordance with chapter 28 of title 9. We remand the case to the Superior Court and order forthwith a hearing on the appropriate sanctions and attorney's fees to be assessed against the defendant as a result of the willful-contempt order of August 21, 2002. The record shall be returned to the Superior Court for further proceedings in accord with this decision.