Michael P. TRAINOR

v.

Paul GRIEDER.

No. 2009–362–Appeal.

Supreme Court of Rhode Island.

June 29, 2011.

Robert M. Brady, Esquire, East Providence, for Plaintiff.

Keven A. McKenna, Esquire, Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice ROBINSON for the Court.

The defendant, Paul Grieder, appeals from the entry of three orders of the Superior Court.[1] On appeal, the defendant contends (1) that the "Superior Court lacked subject matter jurisdiction over [the defen-

dant]" because there was no "return of an unsatisfied execution;" (2) that "void jurisdiction procured by void process cannot be waived;" and (3) that the defendant "has already been unlawfully incarcerated/imprisoned" in violation of his state and federal constitutional rights.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the memoranda submitted by the parties, and the oral arguments of counsel, we are satisfied that this appeal may be decided without further briefing or argument.

For the reasons set forth in this opinion, we affirm the orders of the Superior Court.

## I
### Facts and Travel

The instant appeal is the most recent chapter in the regrettable saga which began when defendant assaulted plaintiff, Michael P. Trainor, in July of 1988.[2] *See Trainor v. Grieder,* 925 A.2d 243, 243 (R.I. 2007). On April 23, 1990, defendant pled *nolo contendere* to one count of simple assault and battery and one count of felony assault. *Id.*

Thereafter, plaintiff commenced a civil action against defendant in the Superior Court for Providence County, wherein he

---

1. The defendant appeals from the following three orders: (1) an April 15, 2009 order denying defendant's motion to dismiss for lack of subject matter jurisdiction; (2) an April 15, 2009 order denying "the Motion of the Defendant to limit the authority of this Honorable Court to incarcerate Defendant due to his failure to make certain monthly payments to the Plaintiff;" and (3) an April 27, 2009 order denying "the Defendant's Motion to Reduce or Suspend."

2. A reader who is desirous of learning more about the factual and legal history of this case, the roots of which go back to 1988, would profit from reading the "Facts and Travel" section in our first opinion relative to this case. *Trainor v. Grieder,* 925 A.2d 243 (R.I.2007). In the present opinion, we shall strive to avoid repeating what we said there. We shall hereinafter refer to that earlier opinion as *Trainor I.*

sought damages for the injuries that he incurred as a result of that assault. In 1992, judgment entered in plaintiff's favor in the amount of $1.5 million, plus interest and costs. Since that time plaintiff has relentlessly pursued defendant, with little success, in an attempt to recover from defendant his due.

The defendant's most recent attempt to keep plaintiff at bay centers around the undisputed fact that there was no return of the execution on the judgment. *See* G.L. 1956 § 9–28–3.[3] The defendant contends that the Superior Court lacked jurisdiction over supplementary proceedings with respect to him due to the fact that there had been no return of an unsatisfied execution. On March 9, 2009, defendant filed a "motion to dismiss for lack of jurisdiction" predicated upon the just-referenced lack of a return of the execution on the judgment; and, on that same day, a hearing was held on the motion in the Superior Court.

During the just-referenced hearing on March 9, 2009, both the hearing justice and counsel for plaintiff indicated that defendant had been making payments toward his judgment debt—albeit not to the extent that he was required to. With respect to whether or not Mr. Grieder had ever previously raised the issue of a purported lack of jurisdiction, the following exchange between the hearing justice and defense counsel ensued:

"THE COURT: That was never raised, though. [Another justice of the Superior Court] obviously had this case long before I did. Had contempt hearings, set orders. Your client impartially [*sic*] complied with those orders, then had a hearing in front of me. It was never raised at that time. I set an order, which the Supreme Court later modified, and—

"[DEFENSE COUNSEL]: That's absolutely correct, Your Honor. *It's never been raised * * *."* (Emphasis added.)

Accordingly, the hearing justice ruled that, since defendant had not raised the jurisdictional issue before the court on multiple prior occasions, he had waived it. On March 16, 2009, the same hearing justice conducted another hearing, in which he gave defense counsel "the opportunity * * * to perfect all of the arguments he wishe[d] to make with respect to [the court's] jurisdiction * * *." At the conclusion of that hearing, the hearing justice reaffirmed the determination that he had made at the March 9 hearing—*viz.,* that the jurisdictional argument was waived. On April 15, 2009, an order entered denying defendant's motion to dismiss for lack of jurisdiction.[4] On April 22, 2009, defendant filed a notice of appeal.

---

3. The following rather complex sentence constitutes the portion of G.L.1956 § 9–28–3 that is relevant to this case:

"On the filing of an application by a judgment creditor, execution on whose judgment has been returned either wholly or in part unsatisfied and unpaid, the clerk or a justice of the court rendering the judgment, or if the judgment is rendered in the superior court in a case in which the writ was returnable to a district court, then and in such case the clerk or justice of the district court to which the writ was returnable, if the papers in the case shall have been transmitted to the district court as hereinafter provided, shall issue a citation to the judgment debtor to appear at a time and place named therein to show cause why an examination into his or her circumstances should not be made and a decree be entered ordering him or her to pay the judgment in full or by instalment [*sic*], weekly, monthly, or otherwise."

4. We note that an identical order appears in the record as having entered on March 16, 2009. However, defendant indicated in his notice of appeal that he was appealing from orders entered on April 15, 2009. We further note that both the March 16 and April 15 orders refer to the March 9 hearing, as opposed to the March 16 hearing.

## II

### Standard of Review

■ Since the issues raised on appeal involve pure questions of law, our review is conducted in a *de novo* manner. *See Rhode Island Depositors Economic Protection Corp. v. Bowen Court Associates,* 763 A.2d 1005, 1007 (R.I.2001) ("Questions of law and statutory interpretation * * * are reviewed *de novo* by this Court."); *see also Long v. Dell, Inc.,* 984 A.2d 1074, 1078 (R.I.2009); *Newman v. Valleywood Associates, Inc.,* 874 A.2d 1286, 1288 (R.I.2005).

## III

### Analysis

■ The Superior Court unquestionably **had subject matter jurisdiction.** *See Pollard v. Acer Group,* 870 A.2d 429, 433 (R.I.2005) ("The term 'lack of jurisdiction over the subject matter' means quite simply that a given court lacks judicial *power* to decide a particular controversy.") (emphasis in original); *see also Long,* 984 A.2d at 1079 ("Subject-matter jurisdiction is the very essence of the court's power to hear and decide a case."); *Direct Action for Rights and Equality v. Gannon,* 713 A.2d 218, 222 (R.I.1998); *Cranston Teachers Association v. Cranston School Committee,* 120 R.I. 105, 108–09, 386 A.2d 176, 178 (1978) (stating that the term subject matter jurisdiction "refers only to a court's power to hear and to decide a particular case, and not to whether a court, having the power to adjudicate, should exercise that power") (internal citation omitted). *See generally Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). On the basis of the just-cited authorities, we reject defendant's contentions as to the lack of subject matter jurisdiction; indeed, we deem those contentions to be without merit and a vexatious attempt to further prolong the case.

It is true that, in *Morris Plan Co. of Rhode Island v. Katz,* 57 R.I. 495, 498, 190 A. 455, 456 (1937), this Court characterized compliance with the requirement that there be return of an execution as being "jurisdictional." However, the sentence that immediately precedes the sentence containing the word "jurisdictional" reads in pertinent part as follows: "The return of an execution wholly or in part unsatisfied and unpaid is *a condition precedent* * * *." *Id.* (emphasis added). It is clear to us that the jurisdiction to which the Court in *Morris* made reference was not subject matter jurisdiction; rather, the reference in that case was to a condition that *should be* satisfied before a court exercises the jurisdiction that it possesses, but compliance with which *may be waived* if such compliance is not insisted upon. The condition precedent in the case at bar is analogous to personal jurisdiction—a matter which can be waived. *Sidell v. Sidell,* 18 A.3d 499, 507 (R.I.2011) ("[B]ecause the notion of personal jurisdiction represents a restriction on judicial power * * * as a matter of individual liberty[,] it can, like other such rights, be waived.") (omission and brackets in original) (internal quotation marks omitted).

What is really at issue in the case at bar is whether the Superior Court, which certainly had subject matter jurisdiction, *should have exercised that jurisdiction. See George v. Infantolino,* 446 A.2d 757, 759 (R.I.1982) (stating that, "[w]hen properly used," the term "subject-matter jurisdiction" refers "only to a court's power to hear and decide a particular case and not to whether a court having the power to adjudicate should exercise that power").

There is no need for us to go on at great length as to defendant's waiver of the requirement that there be a return of the

execution on the judgment. There is much truth to the old maxim: "Actions speak louder than words." And in the instant case Mr. Grieder has repeatedly appeared and responded to citations issued in supplementary proceedings *after* the point in time when the original writ of execution on the judgment was issued. More specifically, the record indicates that, as far back in time as a hearing before a justice of the Superior Court in November of 1996 with respect to the judgment, the plaintiff's counsel expressly alerted the hearing justice to (1) the fact that an execution had not yet been properly served upon the defendant; (2) the fact that he (the plaintiff's attorney) had advised the defendant as to same; and (3) the fact that the defendant had "indicated that he wanted to go forward, notwithstanding that." It is clear to us that the defendant unequivocally waived the return of execution issue.[5] *See Haxton's of Riverside, Inc. v. Windmill Realty, Inc.,* 488 A.2d 723, 725 (R.I.

1985) (stating that "[a] party's actions can resolve the question of whether he or she has knowledge of the right waived and whether the waiver was voluntary"); *see also Imperial Casualty and Indemnity Co. v. Bellini,* 888 A.2d 957, 963 (R.I.2005). *See generally Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).[6]

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the orders of the Superior Court. The record in this case may be returned to that tribunal.

---

**5.** Having determined that Mr. Grieder waived his arguments with respect to the return of execution, we note that his other two appellate arguments were simply not adequately briefed for this Court's consideration; accordingly, we decline to address them. *See Wilkinson v. State Crime Laboratory Commission,* 788 A.2d 1129, 1132 n. 1 (R.I.2002); *Richmond Square Capital Corp. v. Mittleman,* 773 A.2d 882, 888 (R.I.2001).

**6.** We would also note that, at the time of his first appeal to this Court, defendant knew, or

in the exercise of ordinary diligence should have known, about the lack of a return of an unsatisfied execution. Yet he made no mention of it in that earlier appeal. *See Bossian v. Anderson,* 991 A.2d 1025, 1027 (R.I.2010); *cf. Thomas v. Ross,* 477 A.2d 950, 953 (R.I. 1984) ("Trial on an installment-plan basis cannot be countenanced, and actions speak louder than words.").