## The NARRAGANSETT ELECTRIC COMPANY

v.

## Salvatore SACCOCCIO, in his capacity as the Assessor for the City of Cranston, Rhode Island et al.

### No. 2010–176–Appeal.

Supreme Court of Rhode Island.

April 17, 2012.

John O. Mancini, Esq., Providence, for Plaintiff.

John Cappello, Esq., for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice ROBINSON, for the Court.

This case comes before the Supreme Court on appeal from the Superior Court's grant of summary judgment in favor of the

municipal defendants. The plaintiff, the Narragansett Electric Company (Narragansett Electric), contends that this Court should vacate the judgment of the Superior Court, which was based upon the hearing justice's ruling (1) that in 2008 Narragansett Electric did not timely file its tax appeal with the City of Cranston Office of Tax Assessment and (2) that, for that reason, the Superior Court lacked subject matter jurisdiction over the instant civil action. In addition, Narragansett Electric asserts that the defendants are barred from raising the untimeliness and jurisdictional issues before this Court because they failed to make such contentions at the municipal level and did not sufficiently articulate those contentions as affirmative defenses within their answer filed in the Superior Court.

Narragansett Electric accordingly contends that the Superior Court's order granting summary judgment should be vacated and the case remanded to the Superior Court for further proceedings.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the memoranda submitted by the parties, and the oral arguments of counsel, we are satisfied that cause has not been shown and that this appeal may be resolved without further briefing or argument.

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court and remand the case to it for further proceedings consistent with this opinion.

# I
## Facts and Travel

The pertinent facts of this case may be briefly summarized as follows. On December 31, 2007, the City of Cranston, by and through its tax assessor, valued plaintiff's tangible personal property located within that municipality at $23,290,814. It is undisputed that plaintiff's first quarter 2008 tax payment with respect to that property was due on July 15, 2008.

In October of 2008, Narragansett Electric appealed the just-referenced tax assessment by filing with the Cranston tax assessor an "Application for Appeal of Property Tax."[1] By means of that document, Narragansett Electric took issue with the $23,290,814 assessment, contending that the fair market value of the property at issue was actually $16,917,909. In due course, both the tax assessor and the Tax Board of Review denied Narragansett Electric's appeal.

On January 27, 2009, after the denial of its appeal at the municipal level, Narragansett Electric filed a complaint in the Superior Court, naming as defendants (in their official capacities) Cranston's finance director and its tax assessor.[2] In response, defendants filed an answer in

1. The parties are not in agreement as to the precise date in October of 2008 on which Narragansett Electric filed its appeal with the Cranston tax assessor. Narragansett Electric contends that the appeal was filed on Tuesday, October 14, while the defendants contend that it was filed on Wednesday, October 15.

2. In Narragansett Electric's original complaint, filed on January 27, 2009, one Frank Smith was named as a defendant, and the complaint stated that he was being sued "in his capacity as Assessor for the City of Cranston, Rhode Island."

On the following day, however, Narragansett Electric filed an amended complaint that no longer named Mr. Smith as a defendant and substituted in his place "Salvatore Saccoccio, in his capacity as Assessor for the City of Cranston, Rhode Island."

which (*inter alia*) they set forth as an affirmative defense that "[t]he Court has no jurisdiction over the Defendants in this cause of action."

Thereafter, relying on Rule 12(b)(1) and 12(b)(6) of the Superior Court Rules of Civil Procedure, defendants filed a motion to dismiss Narragansett Electric's complaint, contending (*inter alia*) that the Superior Court lacked subject matter jurisdiction over this case. That assertion as to a lack of subject matter jurisdiction was predicated on defendants' contention that Narragansett Electric had not timely filed its appeal in the Cranston Office of Tax Assessment.[3]

On December 17, 2009, the Superior Court held a hearing on defendants' motion to dismiss. (Before passing upon that motion, however, the hearing justice converted it to a motion for summary judgment due to the fact that defendants had requested that the court consider materials outside the pleadings.) In a bench decision rendered that same day, the hearing justice stated that, in considering whether or not the tax appeal filed in the Cranston Office of Tax Assessment pursuant to § 44–5–26(a) was timely, the court would not take into account the fact that Cranston General Ordinance 3.12.010(D) of the Cranston Municipal Code provides that no interest will be assessed "for taxes received within a five business day processing period following each respective due date."[4] Instead, the hearing justice ruled

that, for the purpose of determining whether or not Narragansett Electric had complied with the ninety-day requirement set forth in § 44–5–26(a) (*see* footnote 3, *supra*), the court would conduct its calculations by using as the point of departure the July 15 due date without regard for the "processing period" that is provided for in the Cranston ordinance; the hearing justice concluded that, if one employs the approach to the calculations concerning the timeliness issue that he deemed appropriate, the final date for a timely filing would have been ninety days after July 15, 2008 (excluding the July 15 date from the calculation). Consequently, the hearing justice ruled that, regardless of whether the appeal to the tax assessor had been filed on the ninety-first day after July 15 (*i.e.*, October 14, as Narragansett Electric contended was the case) or on the ninety-second day (*i.e.*, October 15, as defendants contended), both dates were beyond the ninety-day period referenced in § 44–5–26(a).[5] The hearing justice held that, for that reason, the Superior Court lacked subject matter jurisdiction over this case.

The hearing justice accordingly granted defendants' motion for summary judgment on the ground that, because of what he deemed to have been Narragansett Electric's failure to have filed its appeal with the Cranston tax assessor in a timely manner, the Superior Court lacked subject matter jurisdiction over the instant case.

---

**3.** General Laws 1956 § 44–5–26(a) reads in pertinent part as follows:

> "Any person aggrieved on any ground whatsoever by any assessment of taxes against him or her in any city or town, or any tenant or group of tenants, of real estate paying rent therefrom, and under obligation to pay more than one-half of the taxes thereon, *may within ninety (90) days from the date the first tax payment is due, file an appeal in the local office of tax assessment * * *.*" (Emphasis added.)

**4.** Cranston General Ordinance 3.12.010(D) of the Cranston Municipal Code reads in pertinent part as follows: "Interest will not be assessed for taxes received within a five business day processing period following each respective due date."

**5.** It is uncontested that the ninety-first day after July 15 was Tuesday, October 14 and that the ninety-second day after July 15 was Wednesday, October 15.

Narragansett Electric thereafter filed a timely notice of appeal to this Court.

## II

### Standard of Review

■ This Court reviews a hearing justice's decision on a motion for summary judgment in a *de novo* manner. *Nunes v. Meadowbrook Development Co.,* 24 A.3d 539, 542 (R.I.2011); *see also Generation Realty, LLC v. Catanzaro,* 21 A.3d 253, 258 (R.I.2011); *Beacon Mutual Insurance Co. v. Spino Brothers, Inc.,* 11 A.3d 645, 648 (R.I.2011). We perform such a review "in the same manner as did the hearing justice, reviewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party." *Haffenreffer v. Haffenreffer,* 994 A.2d 1226, 1231 (R.I.2010) (internal quotation marks omitted); *see also Zanni v. Voccola,* 13 A.3d 1068, 1070–71 (R.I.2011). This Court will affirm a hearing justice's grant of summary judgment if "we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Tanner v. Town Council of East Greenwich,* 880 A.2d 784, 791 (R.I.2005); *see also McNulty v. City of Providence,* 994 A.2d 1221, 1224 (R.I.2010); *People's Credit Union v. Berube,* 989 A.2d 91, 93 (R.I.2010). Conversely, summary judgment is not warranted "if there are any genuine issues of material fact or if the moving party cannot prevail as a matter of law." *Rodrigues v. DePasquale Building and Realty Co.,* 926 A.2d 616, 622 (R.I.2007).

## III

### Analysis

■ A party's compliance or noncompliance with the timeliness requirements set forth in § 44–5–26 is a "condition[ ] precedent to the assertion of * * * claims

under that [statute]." *See Nunes v. Marino,* 707 A.2d 1239, 1245 (R.I.1998). In contrast to subject matter jurisdiction, a condition precedent *"should be* satisfied before a court exercises the jurisdiction that it possesses, but compliance with which *may be waived* if such compliance is not insisted upon." *Trainor v. Grieder,* 23 A.3d 1171, 1174 (R.I.2011). Indeed, "[t]he term 'subject matter jurisdiction,' when properly used, refers only to the court's power to hear and decide a case and not to whether a court having the power to adjudicate should exercise that power." *Mesolella v. City of Providence,* 508 A.2d 661, 666 (R.I.1986); *see also Pollard v. Acer Group,* 870 A.2d 429, 433–34 (R.I.2005); *Jordan v. Jordan,* 586 A.2d 1080, 1084 (R.I.1991). *See generally Silva v. Brown & Sharpe Manufacturing Co.,* 524 A.2d 571, 573 (R.I.1987).

■ It is true that the distinction between the "appropriate exercise of power and the absence of power" may at times be "blurry." *See Mesolella,* 508 A.2d at 665 (internal quotation marks omitted). Nonetheless, with respect to the instant case, we are of the opinion that the hearing justice erred in ruling that the Superior Court lacked subject matter jurisdiction in view of what he deemed to be Narragansett Electric's failure to have complied with the condition precedent that is set forth in § 44–5–26. *See Mesolella,* 508 A.2d at 665–66; *see also Nunes,* 707 A.2d at 1245. In our judgment, the real issue before the Superior Court was whether that tribunal, which unquestionably had subject matter jurisdiction, *"should have exercised that jurisdiction." See Trainor,* 23 A.3d at 1174.

A condition precedent must be pled in accordance with Rule 9(c) of the Superior Court Rules of Civil Procedure, which specifically states that "[a] denial of performance or occurrence [of a condition precedent] shall be made *specifically* and *with*

*particularity.*" (Emphasis added.) *See also Granoff Realty II Limited Partnership v. Rossi,* 833 A.2d 354, 359 (R.I.2003); *Wickes Asset Management, Inc. v. Dupuis,* 679 A.2d 314, 318 (R.I.1996); *Chase v. Bouchard,* 671 A.2d 794, 796 (R.I.1996).

 In the instant matter, as an affirmative defense, defendants merely stated that "[t]he Court has no jurisdiction over the Defendants in this cause of action." That very general language utterly fails to comply with the specificity and particularity requirements of Rule 9(c); the quoted language makes absolutely no allusion to a failure to have fulfilled a condition precedent. In light of the fact that defendants failed to plead as an affirmative defense plaintiff's noncompliance with a condition precedent in accordance with Rule 9(c), defendants have waived their contention that Narragansett Electric did not file its appeal with the tax assessor in a timely manner. *See Marcotte v. Harrison,* 443 A.2d 1225, 1230 (R.I.1982) (holding that, pursuant to Rule 9(c), the failure to specifically plead the non-fulfillment of a condition precedent constitutes a waiver of that defense). As such, the hearing justice should have exercised the Superior Court's subject matter jurisdiction and heard plaintiff's appeal in accordance with § 44-5-26.

Accordingly, it is our view that the hearing justice erred in granting summary judgment in favor of the defendants. In view of our holding with respect to the defendants' noncompliance with the requirement of Rule 9(c), we need not reach Narragansett Electric's other arguments on appeal. *See Furlan v. Farrar,* 982 A.2d 581, 585 (R.I.2009); *Calise v. Curtin,* 900 A.2d 1164, 1169 (R.I.2006).

## IV

### Conclusion

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court and remand the case to the Superior Court for a hearing on the petition for relief in accordance with § 44-5-26(a).