**Supreme Court**
No. 2013-215-Appeal.

Michael P. Trainor          :

v.          :

Paul D. Grieder.          :

**O R D E R**

The defendant Paul D. Grieder (Grieder or defendant) appeals from a judgment of the Superior Court in favor of the plaintiff, Michael P. Trainor (Trainor or plaintiff) in this debt on judgment action. The instant appeal is the latest in what has been a long series of unfortunate interactions between these parties.[1] This odyssey began in July of 1988, when the defendant assaulted the plaintiff. In April of 1990, the defendant pled nolo contendere to one count of simple assault and battery and one count of felony assault. The plaintiff thereafter filed a civil suit against the defendant in the Superior Court seeking damages for his injuries from the assault. The plaintiff was awarded a judgment for $1.5 million, plus interest and costs, in 1992. The defendant has since been ordered by the Superior Court to pay the plaintiff $400 per month to satisfy the judgment.[2]

Since that time, the interactions between these parties may be characterized by the perseverance of both sides—plaintiff in seeking to recover from defendant the awarded damages

---

[1] A curious reader is directed to the "Facts and Travel" sections in the previous cases in which these parties have appeared before this Court for a more complete recitation of the factual and legal background of this ongoing saga. See Trainor v. Grieder, 925 A.2d 243 (R.I. 2007) (hereinafter Trainor I) and Trainor v. Grieder, 23 A.3d 1171 (R.I. 2011) (Trainor II).
[2] This order of the Superior Court was reinstated by this Court in Trainor I, 925 A.2d at 246.

and defendant in attempting to avoid paying plaintiff the amount owed. See Trainor v. Grieder, 925 A.2d 243, 244 (R.I. 2007) (Trainor I) and Trainor v. Grieder, 23 A.3d 1171, 1173 (R.I. 2011) (Trainor II). In Trainor II, defendant's most recent attempt before this Court to "keep plaintiff at bay[,]" defendant argued that the Superior Court lacked subject matter jurisdiction over any supplementary proceedings with respect to the original judgment because there had been no return of an unsatisfied execution on the judgment, as set forth in G.L. 1956 § 9-28-3.[3] Trainor II, 23 A.3d at 1173. This Court held that "[t]he Superior Court unquestionably had subject matter jurisdiction," and stated that defendant's arguments otherwise were "a vexatious attempt to further prolong the case." Id. at 1174. We explained that the requirement that there be a return of an execution was a condition that "may be waived if such compliance is not insisted upon." Id. We concluded that defendant had waived the requirement of a return of an execution by "repeatedly appear[ing] and respond[ing] to citations issued in supplementary proceedings after the point in time when the original writ of execution on the judgment was issued." Id. at 1175.

The instant appeal stems from a debt on judgment action filed by Trainor in the Superior Court on August 28, 2012.[4] After defendant failed to timely respond, plaintiff filed an

---

[3] General Laws 1956 § 9-28-3 states, in pertinent part,

> "On the filing of an application by a judgment creditor, execution on whose judgment has been returned either wholly or in part unsatisfied and unpaid, the clerk or a justice of the court rendering the judgment * * * shall issue a citation to the judgment debtor to appear at a time and place named therein to show cause why an examination into his or her circumstances should not be made and a decree be entered ordering him or her to pay the judgment in full or by instalment [sic], weekly, monthly, or otherwise." (Emphasis added.)

[4] The plaintiff filed the complaint in order to preserve the original judgment for damages from expiring at the twenty-year statutory limit on judgments. See G.L. 1956 § 9-1-17 (providing that actions on judgments of any court must be brought within twenty years).

application for the entry of default against defendant pursuant to Rule 55(a) of the Superior Court Rules of Civil Procedure.[5] Default was entered against defendant on December 6, 2012.

Thereafter, defendant apparently filed an answer.[6] The plaintiff objected to the answer and moved that it be stricken as untimely. The plaintiff further moved for oral proof of claim, and both matters were heard before a justice of the Providence County Superior Court on February 12, 2013.

At the hearing, plaintiff noted that, since the original judgment had been entered, defendant had paid a total of $21,400. He further submitted that the original judgment of $1.5 million combined with the statutory interest now amounted to $5.1 million. The hearing justice concluded that the instant action was the only way to ensure that the original judgment remained in effect by "reaffirm[ing] it and renew[ing] it for an additional 20 years." Accordingly, the hearing justice entered a judgment for plaintiff for the amount, including interest, of $5,078,600.[7]

In an order entered on February 12, 2013, the hearing justice granted plaintiff's motion to strike defendant's answer and required defendant to continue paying plaintiff $400 per month. A separate judgment in plaintiff's favor in the amount of $5,078,600 also entered on that day. The defendant timely filed a notice of appeal to this Court.

On appeal, defendant limits his argument to the contention that the Superior Court "lacked subject matter jurisdiction since a debt on judgment action require[s] the return of a[n]

---

[5] Rule 55(a) of the Superior Court Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

[6] The defendant's original answer is not listed in the docket sheet as having been filed. A copy of the answer, which is now in the record, was produced at the hearing on plaintiff's oral proof of claim in the Superior Court.

[7] This amount reflects the $1.5 million due to plaintiff from the original judgment, plus the accumulated interest, less the $21,400 which plaintiff has already paid.

unsatisfied execution in the clerk's office."[8]   The defendant argues that an execution is a condition precedent before any post-judgment collection proceedings may be commenced.

We begin by noting that defendant was defaulted and failed to take any action to vacate the default in order to preserve his right to participate in the instant action.  In light of the fact, however, that the hearing justice permitted defendant to be heard even after the default had entered and because subject matter jurisdiction "may be raised at any time in the proceedings[,]" we will briefly address defendant's argument on appeal.  Boyer v. Bedrosian, 57 A.3d 259, 270 (R.I. 2012) (quoting Pine v. Clark, 636 A.2d 1319, 1321 (R.I. 1994)).

Subject matter jurisdiction, as this Court has explained, "is the very essence of the court's power to hear and decide a case."  Long v. Dell, Inc., 984 A.2d 1074, 1079 (R.I. 2009).  The power to hear a case is distinct from the question of "whether a court having the power to adjudicate should exercise that power."  Narragansett Electric Co. v. Saccoccio, 43 A.3d 40, 44 (R.I. 2012) (quoting Mesolella v. City of Providence, 508 A.2d 661, 666 (R.I. 1986)).

We will not revisit the question of whether the Superior Court had subject matter jurisdiction over this matter because defendant's claim is barred by the doctrine of collateral estoppel.  As this Court has stated, issue preclusion, or collateral estoppel, "bars relitigation of any factual or legal issue that was actually decided in previous litigation 'between the parties, whether on the same or a different claim.'"  Reynolds v. First NLC Financial Services, LLC, 81 A.3d 1111, 1118 (R.I. 2014) (quoting Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 30 (1st Cir. 1994)).

> "Except where application of the doctrine would produce inequitable results, collateral estoppel operates to bar the relitigation of an issue when: (1) the party against whom collateral estoppel is sought is the same or in privity with a party in the

---

[8] The parties do not dispute that an unsatisfied execution has not been returned in this case.

- 4 -

previous proceeding; (2) the previous proceeding resulted in a final judgment on the merits; and (3) there is an identity of issues." Cronan v. Iwon, 972 A.2d 172, 174-75 (R.I. 2009) (mem.)

In applying these elements to the instant case, there can be little doubt that collateral estoppel applies. There is no dispute that both plaintiff and defendant in the instant appeal were also the parties to Trainor II, wherein this Court determined that the requirement that an execution be returned had been waived by defendant through his repeated appearance in court for supplementary proceedings on the original judgment. See Trainor II, 23 A.3d at 1175. With regard to the second element—that the previous proceeding resulted in a final judgment on the merits—we are similarly convinced that the requirement has been met. The previous proceedings between these parties have stemmed from plaintiff attempting to collect the debt owed to him from the final judgment entered in his favor, which, as we held in Trainor II, included subject matter jurisdiction over supplementary proceedings.

Finally, there is an identity of issues because this Court has already addressed and decided the precise argument that defendant makes in the instant appeal to challenge the Superior Court's jurisdiction. The defendant largely reiterates in the instant appeal the argument made before us and which we rejected in Trainor II—that a return of an execution is a condition precedent to the Superior Court's exercising jurisdiction over a debt on judgment action. See 23 A.3d at 1173-75. It is axiomatic that "[t]he party whose rights have been adjudicated in one action adversely to such party cannot maintain a second action * * *." Graziano v. Rhode Island State Lottery Commission, 810 A.2d 215, 220 (R.I. 2002).

In closing, we note that these proceedings continuously percolating in the judicial system might have been avoided had the defendant fulfilled his obligation to pay the plaintiff as ordered. Our courts have now repeatedly spoken, and we affirm again that the plaintiff is entitled to the

judgment, with interest, of nearly $5.1 million.  It is our fervent hope that this will be the last time these parties appear before us in this matter.  See Estate of Mitchell v. Gorman, 970 A.2d 1, 6 (R.I. 2009) ("The parties in this case have had their day in court; it is time to bring this matter, at long last, to its conclusion.").

For the foregoing reasons, we affirm the judgment of the Superior Court.  The record in this case is remanded to that tribunal.

Entered as an Order of this Court, this 16th of May, **2014**.

By Order,

_____/s/_____
Clerk



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Michael P. Trainor v. Paul D. Grieder.

**CASE NO:**     No. 2013-215-Appeal.
(PC 12-4458)

**COURT:**     Supreme Court

**DATE ORDER FILED:**     May 16, 2014

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Daniel A. Procaccini

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Robert M. Brady, Esq.

For Defendant:  Keven A. McKenna, Esq.