December 5, 2017

**Supreme Court**

No. 2014-356-Appeal.
(NM 09-249)

Jeremy Motyka                          :

          v.                           :

State of Rhode Island.                 :

NOTICE:    This opinion is subject to formal revision before
publication in the Rhode Island Reporter.  Readers are requested to
notify the Opinion Analyst, Supreme Court of Rhode Island, 250
Benefit Street, Providence, Rhode Island 02903, at Telephone 222-
3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

Jeremy Motyka          :

v.          :

State of Rhode Island.        :

Present:  Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**   The applicant, Jeremy Motyka, appeals from the December 3, 2014 denial of his application for postconviction relief following a hearing in Newport County Superior Court.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

## I

## Facts and Travel

In 2001, Mr. Motyka was convicted following a jury trial of first-degree murder and first-degree sexual assault.  He was sentenced to life without the possibility of parole on the first-degree murder charge and life on the first-degree sexual assault charge.  This Court affirmed Mr. Motyka's conviction in *State v. Motyka*, 893 A.2d 267, 291 (R.I. 2006) (*Motyka I*).  We refer the

interested reader to our previous opinion for a detailed recitation of the facts. We will restrict ourselves to a discussion of only those facts which are pertinent to the instant case.

On May 11, 2009, Mr. Motyka filed an application for postconviction relief. That application was denied, and he appealed that denial to this Court. In *Motyka v. State*, 91 A.3d 351, 351-52 (R.I. 2014) (mem.) (*Motyka II*), we vacated the denial of Mr. Motyka's application for postconviction relief following the concession by the state that the hearing justice had failed to follow the procedure set forth by this Court in *Shatney v. State*, 755 A.2d 130 (R.I. 2000). We remanded the case to the Superior Court to conduct further proceedings. *Motyka II*, 91 A.3d at 352.

On remand, Mr. Motyka filed a document entitled "Plaintiff's Second Amended Application for Post-conviction Relief."[1] On October 8, 2014, Mr. Motyka's court-appointed counsel filed both a motion to withdraw his appearance and a memorandum in support of that motion, the grounds for which were counsel's determining "the issues raised in plaintiff's Petition for Post-Conviction Relief to be wholly frivolous, and not supported by existing law, or by a good faith basis for reversal, extension, or modification of existing law * * *." The state filed a motion to dismiss Mr. Motyka's application on October 10, 2014, averring that "no genuine issue of material fact exist[ed] and the State [was] entitled to judgment as a matter of law." The docket reflects the fact that, thereafter, Mr. Motyka filed a response to his court-appointed counsel's motion to withdraw. A hearing was subsequently held on December 3, 2014. At the conclusion of the hearing, the hearing justice granted court-appointed counsel's

---

[1] We deem it important to clarify that, in spite of its title, the document referenced in the text was simply an amended version of Mr. Motyka's original application for postconviction relief. It was not in actuality a second application for postconviction relief. For the sake of clarity, we shall hereinafter sometimes refer to this document as "the operative application for postconviction relief."

motion to withdraw and also denied and dismissed Mr. Motyka's application for postconviction relief. A final judgment entered on February 17, 2016. Mr. Motyka had filed a notice of appeal on December 3, 2014.[2]

## II

## Issues on Appeal

On appeal, Mr. Motyka contends that he was not given an adequate opportunity to be heard on his application for postconviction relief. He posits that he was entitled to an evidentiary hearing and that the December 3, 2014 hearing on his court-appointed counsel's motion to withdraw did not qualify as such. Mr. Motyka further argues that his court-appointed postconviction relief counsel did not conduct appropriate discovery and investigation on his behalf. He also avers that the hearing justice erred in dismissing the following claims contained in the application for postconviction relief at issue: (1) actual innocence; (2) prosecutorial misconduct; (3) double jeopardy; (4) insufficient jury instructions; (5) ineffective assistance of trial counsel; (6) ineffective assistance of appellate counsel; (7) abuse of judicial discretion; (8) violation of his due process rights; and (9) violation of his equal protection rights.

## III

## Standard of Review

In Rhode Island, postconviction relief is set forth in G.L. 1956 § 10-9.1-1. We have stated that, "the burden of proving, by a preponderance of the evidence, that such [postconviction] relief is warranted" falls on the applicant. *Anderson v. State*, 45 A.3d 594, 601

---

[2]     Mr. Motyka's appeal was filed prior to the entry of final judgment. However, under the circumstances that the instant case presents, this Court will treat the prematurely filed appeal as having been timely filed. *See In re Steven D.*, 23 A.3d 1138, 1154 n.9 (R.I. 2011); *see also State v. Espinal*, 943 A.2d 1052, 1057 n.4 (R.I. 2008) (citing Article I, Rule 4(b) of the Supreme Court Rules of Appellate Procedure).

(R.I. 2012) (internal quotation marks omitted); *see also Duvere v. State*, 151 A.3d 314, 317 (R.I. 2017).  On appeal, "[w]e afford great deference to the hearing justice's findings of historical fact and the inferences drawn from those facts." *Duvere*, 151 A.3d at 317.  As such, we will not "impinge upon the fact-finding function of a hearing justice * * * absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence in arriving at those findings." *Njie v. State*, 156 A.3d 429, 433 (R.I. 2017) (internal quotation marks omitted); *see also Gomes v. State*, 161 A.3d 511, 518 (R.I. 2017).  However, this Court conducts a *de novo* review of postconviction relief decisions that "involve[] questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights * * *." *Merida v. State*, 93 A.3d 545, 549 (R.I. 2014) (internal quotation marks omitted); *see also Gomes*, 161 A.3d at 518.  That being said, "[f]indings of historical fact, and inferences drawn from those facts, will still be accorded great deference by this Court, even when a *de novo* standard is applied to the issues of constitutional dimension." *Merida*, 93 A.3d at 549 (internal quotation marks omitted).

## IV

## Analysis

## A

## Evidentiary Hearing

In *Shatney v. State*, 755 A.2d 130 (R.I. 2000), we stated the following with respect to the proper procedure to be followed in a case involving the consideration of an applicant's first application for postconviction relief:

> "The point in time at which a trial court may determine that a * * * petitioner's claims are frivolous or meritless is *after* the petitioner has been afforded a full, fair, and counselled opportunity to present those claims. [*Commonwealth v.*] *Harris*, 553 A.2d [428,] 433

[(Pa. Super. Ct. 1989)] (quoting *Commonwealth v. Logan*, 370 Pa.Super. 348, 536 A.2d 439, 440 (1988)). However, upon notice to the applicant, counsel for an applicant may request permission from the court to withdraw, based upon an assessment that the application has no arguable merit. To do so, however, appointed counsel must file with the court and serve upon the applicant a motion to withdraw accompanied by a 'no-merit' memorandum that details the nature and extent of his or her review of the case, lists each issue the applicant wished to raise, and explains why in counsel's professional opinion those issues and any others that he or she may have investigated lacked merit. The court then must conduct a hearing with the applicant present. If, based upon its review of counsel's assessment of the potential grounds for seeking post-conviction relief and of any other issues that the applicant wishes to raise, the court agrees that those grounds appear to lack any arguable merit, then it shall permit counsel to withdraw and advise the applicant that he or she shall be required to proceed pro se, if he or she chooses to pursue the application." *Shatney*, 755 A.2d at 135 (emphasis in original) (internal quotation marks omitted).

Subsequently, in *Tassone v. State*, 42 A.3d 1277, 1287 (R.I. 2012), this Court declared that, from that point forward, "an evidentiary hearing [would be] required in the first application for postconviction relief in all cases involving applicants sentenced to life without the possibility of parole." Accordingly, it is clear from our precedent that Mr. Motyka was entitled to an evidentiary hearing on the merits of the instant application for postconviction relief.

In order to assess whether or not Mr. Motyka was provided with the evidentiary hearing to which he was entitled pursuant to our ruling in *Tassone*, we must carefully scrutinize the December 3, 2014 proceeding; it is the result of that proceeding from which Mr. Motyka is appealing.

At the outset of the December 3, 2014 hearing, court-appointed counsel noted that he had moved to strike Mr. Motyka's response to counsel's motion to withdraw because that response had been filed *pro se* despite the fact that Mr. Motyka had legal representation. However, court-appointed counsel asked the court to do the following with respect to the motion to strike:

"[D]efer ruling on * * * the Motion to Strike until after the Motion to Withdraw is heard, and if it's granted, then I would suggest that the Court treat the plaintiff's memorandum as his memorandum of law under *Shatney* as to whether any arguable basis exists to proceed with the application in support * * * of any other information he may produce at the hearing."  Mr. Motyka was not consulted as to whether he agreed with this procedure.

Court-appointed counsel then proceeded to discuss each of Mr. Motyka's contentions in the operative application for postconviction relief and also asked the court to give Mr. Motyka an opportunity to address the court "as to what he believes he should be able to show."  After court-appointed counsel discussed why the first contention in the operative application for postconviction relief—actual innocence—had no merit, the hearing justice gave Mr. Motyka what the justice characterized as the "opportunity to be heard as to whether any arguable basis exists to proceed with the application as to this issue * * *."  In attempting to respond to the hearing justice, Mr. Motyka stated that he became "tongue-tied in the courtroom" and also stated "I can't" more than once.  After conferring with court-appointed counsel, Mr. Motyka asked to have his previous writings—*viz.*, the operative application for postconviction relief and his response to court-appointed counsel's motion to withdraw—entered as "evidence."  The hearing justice then denied Mr. Motyka's application for postconviction relief relative to his contention that he was actually innocent.  Court-appointed counsel proceeded to discuss each contention raised by Mr. Motyka in turn, and the trial justice gave Mr. Motyka an opportunity to be heard on each contention in turn.  During each of these instances, with the exception of the discussion of his due process contention, Mr. Motyka again asked to have his previous writings entered as "evidence."  The hearing justice then proceeded to immediately deny the postconviction relief application as to each of the contentions being raised.  While availing himself of his "opportunity

to be heard" on his contention that his due process rights had been violated, Mr. Motyka, after conferring with court-appointed counsel, submitted a very lengthy document entitled "Strengthening Forensic Science in the United States: On a Path Forward," which document, he argued, the trial justice "should have followed" during his criminal trial.

After the last claim in the application for postconviction relief was denied by the hearing justice, court-appointed counsel asked the court to grant his motion to withdraw, and the state asked the court to consider its motion to dismiss. The hearing justice then stated the following: "The Court finds that the filing of [court-appointed counsel's] No Merit Memorandum is justified; and, therefore, the Court is denying and dismissing Mr. Motyka's postconviction relief application."

After an extensive and comprehensive review of the transcript in this case, it is abundantly clear to this Court that the December 3, 2014 proceeding was *not* the evidentiary hearing that we required in *Tassone*. Nor are we convinced that it even met the requirements set forth in *Shatney*. We view as particularly disquieting the fact that Mr. Motyka was clearly unable to articulate his arguments in court and the fact that it is plain from the hearing transcript that his court-appointed counsel seemed to be advising him on how to respond to the hearing justice's questions and how to submit evidence while simultaneously arguing why Mr. Motyka's claims lacked merit.[3] Moreover, we are made uneasy by the hearing justice's use of the word "therefore" in rendering her decision—since the granting of a motion to withdraw based on a

---

[3]    We also find it concerning that, after granting court-appointed counsel's motion to withdraw, the hearing justice, in the same sentence, told Mr. Motyka that she was "sure that [court-appointed counsel] would be more than happy to guide [him] through filing any appellate papers should [he] choose to do so." Moreover, after the motion to withdraw was granted, court-appointed counsel was permitted to submit various documents on Mr. Motyka's behalf, including "a motion and an affidavit to proceed *in forma pauperis* regarding the cost of the transcript[,] * * * a request for the transcript to be ordered, and the notice of appeal."

- 7 -

"justified" no-merit memorandum should not be determinative of the merits of an application for postconviction relief. The entire December 3, 2014 proceeding was a far cry from what we intended in *Shatney* and *Tassone*.

After much consideration of the situation which we find ourselves confronted with in this case, we have concluded that *Shatney* and *Tassone* are inconsistent with each other and may not properly be permitted to coexist as it relates to life without parole cases. Accordingly, we take this opportunity to hold that, from this point forward, *Shatney v. State*, 755 A.2d 130 (R.I. 2000), shall be deemed abrogated and inapplicable in any case involving both an initial application for postconviction relief and an applicant who has been sentenced to life without the possibility of parole.

As such, we instruct that on remand counsel be appointed for Mr. Motyka and that the Superior Court conduct further proceedings in accordance with this opinion and our opinion in *Tassone*.[4]

**V**

**Conclusion**

For the reasons stated in this opinion, we vacate the judgment of the Superior Court. We remand the record to that tribunal.

**Justice Indeglia, concurring.** Having dissented in *Tassone v. State*, 42 A.3d 1277 (R.I. 2012), I continue to believe that the proper vehicle for the requirement of an evidentiary hearing in a life without parole postconviction relief setting is through legislative amendment to G.L.

---

[4]     In light of our holding with respect to the issue of whether or not Mr. Motyka received a proper evidentiary hearing, we need not address Mr. Motyka's other contentions on appeal. *See Grady v. Narragansett Electric Co.*, 962 A.2d 34, 42 n.4 (R.I. 2009) (referencing "our usual policy of not opining with respect to issues about which we need not opine").

1956 chapter 9.1 of title 10. Nevertheless, as long as the majority mandate in *Tassone* remains, the Superior Court is bound to follow it. "It is well settled that an opinion of this [C]ourt declares the law in Rhode Island and that law must be followed by the lower courts of our judicial system, regardless of whether that court or any of its judges agree or disagree with our holding." *University of Rhode Island v. Department of Employment and Training*, 691 A.2d 552, 555 (R.I. 1997).

Accordingly, I concur in today's opinion.


Chief Justice Suttell did not participate.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Jeremy Motyka v. State of Rhode Island. |
| **Case Number** | No. 2014-356-Appeal.<br>(NM 09-249) |
| **Date Opinion Filed** | December 5, 2017 |
| **Justices** | Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice William P. Robinson |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Melanie Wilk Thunberg |
| **Attorney(s) on Appeal** | For Applicant:<br><br>David D. Prior, Esq. |
| | For State of Rhode Island:<br><br>Aaron L. Weisman<br>Department of Attorney General |