December 6, 2018

**Supreme Court**

No. 2016-162-M.P.
(PM 15-4499)

Sebastian Atryzek          :

v.                         :

State of Rhode Island.      :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Sebastian Atryzek                    :

v.                    :

State of Rhode Island.          :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.** Sebastian Atryzek seeks review of a Superior Court judgment denying his application for postconviction relief. This case came before the Supreme Court for oral argument on October 2, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed on behalf of the parties, we quash the judgment of the Superior Court and remand the case for further factfinding in light of our opinion in *State v. Gibson*, 182 A.3d 540 (R.I. 2018).

**I**

**Facts and Travel**

On February 18, 1993, seventeen year old Atryzek pled guilty to the rape of a child in the Commonwealth of Massachusetts, in violation of Mass. Gen. Laws ch. 265, § 23. He was sentenced to fifteen years' suspended imprisonment, with a term of supervised probation that was to terminate on June 19, 2000. He was also assessed as a Level I Sex Offender. At some

- 1 -

point after his conviction, Atryzek moved to Rhode Island with his family, but he did not register as a sex offender in accordance with G.L. 1956 chapter 37.1 of title 11. Those omissions led to his being charged with failing to register in 2009, 2010, and again in 2012. On February 2, 2012, Atryzek pled nolo contendere to all three charges; he was sentenced to five years' imprisonment, ten months of which were to be served at the Adult Correctional Institutions, with the remaining fifty months suspended, with probation. In 2013, Atryzek once again was charged with, and again pled nolo contendere to, failing to comply with the sex offender registration statute. For this latest charge, Atryzek was sentenced to seven years' incarceration, with five years to serve and two years suspended, with probation.

In 2015, Atryzek filed an application for postconviction relief from his 2013 conviction, which a Superior Court magistrate denied. Atryzek appealed that ruling to a justice of the Superior Court, and he also filed a new application for postconviction relief from convictions for the 2009, 2010, and 2012 charges. In a written opinion dated May 5, 2016, the Superior Court justice denied postconviction relief with respect to all four convictions. In that decision, the hearing justice held that Atryzek had a lifetime duty to register under the sex offender registration statute that was in place at the time of the underlying offense and that his claims of ineffective assistance of counsel were unsubstantiated. Atryzek petitioned this Court for the issuance of a writ of certiorari, which we granted on June 13, 2017.

## II

### Standard of Review

Pursuant to G.L. 1956 § 10-9.1-1, postconviction relief "is available to 'any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires

vacation of the conviction in the interest of justice.'" *Duvere v. State*, 151 A.3d 314, 317 (R.I. 2017) (quoting *Lamoureux v. State*, 93 A.3d 958, 961 (R.I. 2014)). An applicant for postconviction relief bears the "burden of proving, by a preponderance of the evidence, that such [postconviction] relief is warranted[.]" *Navarro v. State*, 187 A.3d 317, 325 (R.I. 2018) (quoting *Motyka v. State*, 172 A.3d 1203, 1205 (R.I. 2017)). "This Court will not disturb a [hearing] justice's factual findings made on an application for post[ ]conviction relief absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence in arriving at those findings." *Id.* (quoting *Chapdelaine v. State*, 32 A.3d 937, 941 (R.I. 2011)).

### III

### Discussion

Before this Court, Atryzek first argued that G.L. 1956 § 11-37-16, the 1992 sex offender registration statute that was in place at the time of his underlying conviction, was silent as to the duration of his registration requirement and therefore was ambiguous. As a result, he argued, the rule of lenity required that the registration period be no longer than that provided for in the 1992 statute's immediate successor statute, § 11-37.1-4, enacted in 1996, which required sex offenders to register "for a period of ten (10) years subsequent to the date of conviction[.]" *See* P.L. 1996, ch. 104, § 1. Of significance is the fact that we considered and disposed of this very issue in *Gibson*, discussed below—a case that was decided during the pendency of our review in this case. *See Gibson*, 182 A.3d at 548-49.

In light of our decision in *Gibson*, Atryzek submitted a supplemental memorandum, which recognized that the duration of his registration requirement is governed by the current incarnation of § 11-37.1-4, which was enacted in 2003. He now argues that, therefore, his duty to register expired ten years after his supervised probation ended in 2000, requiring, at least, the

vacation of his 2012 and 2013 convictions for failure to register. Atryzek also argues that he received ineffective assistance of counsel when he pled nolo contendere to his four convictions for failure to register as a sex offender, because his attorneys did not advise him that he was not burdened with a lifetime duty to register.

For its part, the state, in its initial three page Rule 12A prebriefing statement, asserted that, given the similarities between the issues in Atryzek's case and those raised in *Gibson*, this Court's decision in *Gibson* would control the outcome of this appeal. However, in response to Atryzek's supplemental memorandum, the state changed course, arguing that *Gibson* is not controlling in this case because the underlying offense here satisfied the requirements of an "aggravated offense" under § 11-37.1-2(a) and thus results in a lifetime registration requirement. There can be no doubt that this is a completely new argument that was not raised by the state at any point before this Court or before the hearing justice.

**A**

**Lifetime Registration**

We discuss first the state's argument, raised a mere seven days before this Court heard argument in this case, that Atryzek has a lifetime duty to register as a sex offender because his underlying offense fits the definition of an "aggravated offense." For the purposes of the sex-offender registration statute, "'[a]ggravated offense' means, and includes, offenses involving sexual penetration of victims of any age through the use of force, or the threat of use of force, *or offenses involving sexual penetration of victims who are fourteen (14) years of age or under*." Section 11-37.1-2(a) (emphasis added). Those who have been convicted of an aggravated offense have a lifetime duty to register as a sex offender. *See* § 11-37.1-4(c).

In its supplemental memorandum to this Court, the state avers that Atryzek is obligated to register for life because the underlying offense for which he was convicted involved sexual penetration of a minor under fourteen years of age. This argument, raised as it was at this late stage in the proceedings, comes too late. At every point in the prior proceedings, from Atryzek's two applications for postconviction relief in 2015, to the hearing justice's decision in 2016 and the prebriefing stage before this Court, it has been the state's consistent contention that Atryzek had a lifetime duty to register under § 11-37-16, the registration statute in place at the time of his underlying conviction. Indeed, when the state submitted its initial prebriefing statement to this Court, it acknowledged that our decision in *Gibson*, which was then pending, "present[s] legal issues identical to those presented in the instant case, and which will in all likelihood resolve the instant controversy one way or the other."

Over the course of decades, we have made it abundantly clear that "a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court." *State v. Bido*, 941 A.2d 822, 829 (R.I. 2008); *see State v. Donato*, 592 A.2d 140, 141 (R.I. 1991); *State v. Byrnes*, 433 A.2d 658, 670-71 (R.I. 1981). This rule "promotes fairer and more efficient trial proceedings by providing opposing counsel with an opportunity to respond appropriately to claims raised."[1] *State v. Burke*, 522 A.2d 725, 731 (R.I. 1987). Allowing the state to argue an entirely new theory, presented to this Court at the eleventh hour in a supplemental memorandum, would do violence to our longstanding and uniform jurisprudence and would be fundamentally unfair to the petitioner. We conclude, therefore, that the state has waived any argument that Atryzek has a lifetime duty to register on the theory that his underlying conviction amounted to an "aggravated offense."

---

[1] Significantly, offered as late as it was, the state's new argument deprived the petitioner of a meaningful opportunity to respond.

**B**

*Gibson*

In our opinion, this case fits squarely within the ambit of our holding in *Gibson*. In that case, the defendant was convicted in 1994 of second degree child molestation sexual assault. *Gibson*, 182 A.3d at 544. Consequently, he was required to register as a sex offender, and, when he did not do so, he was convicted on multiple occasions of failure to register. *Id.* at 544-45. We were tasked, as we are now, with determining the duration of that registration requirement. *Id.* at 546. In *Gibson*, as here, the tortuous history of this state's sex offender registration statutes complicated the issue.

In 1992, the General Assembly enacted § 11-37-16, imposing a duty to register as a sex offender for those convicted of certain enumerated sexual offenses. That statute was silent, however, as to the duration of the duty. In 1996, the General Assembly repealed § 11-37-16 and replaced it with chapter 37.1 of title 11, the Sexual Offender Registration and Community Notification Act. *See* P.L. 1996, ch. 104, §§ 1, 3. That act preserved the duty to register of those, like Gibson and Atryzek, whose duty originated under the former § 11-37-16, but limited the duration of that duty to "a period of ten (10) years subsequent to the date of conviction[.]" *See* P.L. 1996, ch. 104, § 1. The durational period, codified currently at § 11-37.1-4(a), was amended twice more—in 1997 to "ten (10) years subsequent to the date of release from confinement or placement on parole, supervised release or probation[,]" and in 2003 to "ten (10) years from the expiration of sentence for the offense[.]" *See* P.L. 1997, ch. 156, § 1; P.L. 2003, ch. 162, § 1; P.L. 2003, ch. 170, § 1.

We held in *Gibson* that, "when it repealed and replaced § 11-37-16, the General Assembly not only preserved the duty to register from that statute, but it also imposed the

provisions of the new enactment, including the duration of registration." *Gibson*, 182 A.3d at 548. Each subsequent revision to § 11-37.1-4 extended that duration. *Id.* at 549. Therefore, while Gibson's *duty* to register was governed by the provisions of § 11-37-16, the *duration* of his duty was governed by the current iteration of § 11-37.1-4 and therefore continued until "ten (10) years from the expiration of sentence for the offense" giving rise to his duty to register. *Id.* at 548, 549.

Our holding in *Gibson* is controlling on the strikingly similar facts before us now. Atryzek was convicted of a sexual offense in 1993, and, like Gibson, his *duty* to register is governed by § 11-37-16, the registration statute that was in place at the time of that conviction. Pursuant to our holding in *Gibson*, however, the *duration* of that duty is controlled by the present version of § 11-37.1-4(a), and therefore runs "for a period of ten (10) years from the expiration of sentence for the offense" which gave rise to Atryzek's duty to register.

Even though *Gibson* may control the legal issue in this case, we are unable to determine just when the "expiration of sentence for the offense" occurred. The record indicates that Atryzek was sentenced in 1993 to fifteen years' suspended imprisonment, with a term of supervised probation that terminated on June 19, 2000. It would be reasonable to conclude that the expiration of his sentence occurred in 2008, at the end of his suspended fifteen-year sentence. Atryzek submits, however, that his sentence expired when his period of supervised probation was terminated in 2000. Further, the state points out that failing to register as a sex offender in violation of § 11-37.1-10 is itself a registerable offense, which may have further extended Atryzek's duty to register. *See* § 11-37.1-2(e)(8).

It is our opinion that the record on review is inadequate to enable us to define the correct contours of the duration of Atryzek's duty to register. We therefore quash the judgment of the

Superior Court and remand for further factfinding and proceedings in light of our decision in *Gibson*.

## C

## Ineffective Assistance of Counsel

Atryzek also argues that his various counsel were constitutionally deficient in their representation of him in the various Superior Court proceedings because they never advised him that he had a potentially viable challenge to his duty to register as a sex offender. It is our considered opinion, however, that prior to our decision in *Gibson*, there was a reasonable argument to be made that § 11-37-16 did indeed impose a lifetime duty to register on those sex offenders who incurred a duty to register prior to the enactment of the successor statute in 1996. It is true that, as we hold here in accordance with our decision in *Gibson*, the period of Atryzek's duty to register is not for his lifetime, but for "ten (10) years from the expiration of sentence" for the underlying offense. Nevertheless, we cannot fault petitioner's counsel for failing to foresee our decision in *Gibson*, and it is clear to us that petitioner's various counsel faced the arduous task of finding a clear path through this murky area of the law. We therefore conclude that the representation by Atryzek's attorneys was not constitutionally deficient.

## IV

## Conclusion

For the reasons set forth in this opinion, we quash the judgment of the Superior Court and remand the record to that court for further factfinding and proceedings in light of our decision in this case and our holding in *State v. Gibson*, 182 A.3d 540 (R.I. 2018).

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Sebastian Atryzek v. State of Rhode Island. |
| **Case Number** | No. 2016-162-M.P.<br>(PM 15-4499) |
| **Date Opinion Filed** | December 6, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice William E. Carnes |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Carl J. Ricci, Esq. |
| | For State of Rhode Island:<br><br>Christopher R. Bush<br>Department of Attorney General |