February 11, 2022

Sebastian Wells Atryzek          :

v.          :

State of Rhode Island.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Sebastian Wells Atryzek          :

v.          :

State of Rhode Island.          :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**   This case came before the Supreme Court on October 7, 2021, following the grant of the state's petition for writ of certiorari seeking review of a decision by the Superior Court that granted an application for postconviction relief by the applicant, Sebastian Atryzek (Atryzek), and vacated four criminal convictions for failure to register as a sexual offender in violation of G.L. 1956 chapter 37.1 of title 11.  The state contends that the trial justice erroneously limited the scope of this Court's remand in *Atryzek v. State*, 197 A.3d 334 (R.I. 2018) (*Atryzek I*); erred in concluding that Atryzek had no duty to register as a sex offender; and, as a result, erred in vacating Atryzek's convictions for failing to register in 2009, 2010, 2012, and 2013.  For the reasons set forth in this opinion, we affirm in part

and quash in part the judgment of the Superior Court and declare that Atryzek is no longer required to register as a sex offender in Rhode Island.

**Facts and Travel**

On February 18, 1993, seventeen-year-old Atryzek entered a plea of guilty to the rape and abuse of a child in the Commonwealth of Massachusetts, in violation of Mass. Gen. Laws ch. 265, § 23 (1974). A fifteen-year suspended sentence, with five years' probation, was imposed. The record discloses that Atryzek's sentence and probation for that conviction ended on June 19, 2000. Atryzek relocated to Rhode Island, and on four separate occasions in 2009, 2010, 2012, and 2013, the state charged Atryzek with failure to register as a sex offender in violation of Rhode Island's Sexual Offender Registration and Community Notification Act (the registration act), codified in chapter 37.1 of title 11 of the general laws.[1] Those charges led to Atryzek's pleas of nolo contendere (1) on February 2, 2012, for the 2009, 2010, and 2012 charges, for which he was sentenced to five years at the Adult Correctional Institutions, with ten months to serve and fifty months suspended, with

---

[1] The case numbers for the criminal charges are P2/09-2042A; P2/10-740A; P2/12-425A; and P2/13-1293A. In P2/09-2042A and P2/13-1293A, Atryzek, after changing his residence, was charged with failing to notify the police department within twenty-four hours of establishing a new residence. In P2/10-740A, he was charged with failing to register within twenty-four hours after being released from the ACI. In P2/12-425A, Atryzek waived indictment or information and pled guilty of failing to notify and register an address change.

probation; and (2) on August 26, 2013, to the 2013 charge, resulting in a sentence of seven years, with five years to serve and two years suspended, with probation.

On October 14, 2015, Atryzek filed an application for postconviction relief in the Superior Court seeking to vacate all four convictions because, he contended, he was not under an obligation to register as a sex offender at the time of the charged offenses and therefore was being wrongfully detained at the ACI. In response, the state maintained that the 1992 version of G.L. 1956 § 11-37-16, which was in effect at the time of Atryzek's underlying 1993 Massachusetts conviction and has since been repealed and replaced, gave rise to a lifetime duty to register for Atryzek because, the state argued, § 11-37-16 was silent as to a time limitation on the duty to register. *See* § 11-37-16, as amended by P.L. 1992, ch. 196, § 1 (effective July 21, 1992). This was the only defense raised by the state at that time. The trial justice denied relief and declared that § 11-37-16, the controlling statute, "unambiguously impose[d] a lifetime registration duty on sex offenders convicted prior to the enactment of § 11-37.1-4 on July 24, 1996[,]" including Atryzek, who was convicted in 1993, when the 1992 enactment was the operative statute.

Atryzek filed a petition for writ of certiorari to obtain review of the Superior Court's denial of his application for postconviction relief, which petition we granted. *See Atryzek I*, 197 A.3d at 335. While *Atryzek I* was pending, this Court decided *State v. Gibson*, 182 A.3d 540 (R.I. 2018), which resolved the question of which

statute applied to the *duration* of a sex offender's duty to register that arose under the former statute, § 11-37-16, which, as noted by the trial justice in passing on the application for postconviction relief, had been subsequently repealed and replaced, on July 24, 1996, by P.L. 1996, ch. 104, § 3. *See Gibson*, 182 A.3d at 544. In *Gibson*, we held that, after § 11-37-16 was repealed, the newly enacted savings clause set forth in § 11-37.1-18 of the registration act preserved an offender's duty to register but was silent as to the duration of the registration requirement. *Id.* This Court looked to an iteration of § 11-37.1-4(a) of the registration act, as amended in 2003, as the operative statute governing the duration of an offender's duty to register.[2] *Id.* at 548, 549. Based on that calculation, we determined that the offender in *Gibson* had a duty to register for "ten (10) years from the expiration of sentence for the offense * * *." *Id.* at 549 (citing P.L. 2003, ch. 162, § 1; P.L. 2003, ch. 170, § 1; § 11-37.1-4(a)).

After *Gibson* was decided, the state and Atryzek submitted supplemental memoranda to address *Gibson*'s effect, if any, on the issues pending in *Atryzek I*. *Atryzek I*, 197 A.3d at 336. The state changed course from its original argument that Atryzek's lifetime duty to register arose from § 11-37-16, submitting instead that the durational changes in § 11-37.1-4 did not apply to Atryzek because, the state

---

[2] General Laws 1956 § 11-37.1-4 governs duration and frequency of the duty to register under the registration act.

- 4 -

contended, Atryzek was convicted of an "aggravated offense[,]" giving rise to a lifetime duty to register pursuant to §§ 11-37.1-2 and 11-37.1-4(c), statutes that were enacted in 1999, *six years after Atryzek's conviction.*[3] *Id.* In the alternative, the state claimed, Atryzek's 2009 and 2010 convictions for failure to register, in violation of § 11-37.1-10, as amended by P.L. 2008, ch. 155, § 1; P.L. 2008, ch. 189, § 1; and P.L. 2008, ch. 202, § 1 (effective July 2, 2008), constituted new offenses requiring registration, and, based on those convictions, Atryzek had an obligation to register at the time he committed the 2013 offense.[4] *Id.* at 338.

---

[3] Section 11-37.1-3 governs who is required to register, and § 11-37.1-2 contains definitions for purposes of the registration act. These statutes are part of an amalgamation of statutory amendments that are quite cumbersome. In 1999, the General Assembly enacted P.L. 1999, ch. 255, § 1, which added a registration requirement under § 11-37.1-3 for anyone who committed an "aggravated offense" as defined in § 11-37.1-2(J), which definition is currently found at § 11-37.1-2(b). By virtue of that 1999 amendment, § 11-37.1-3(a) provided that "[a]ny person who * * * (D) has committed an aggravated offense as defined in section 11-37.1-2 * * * shall be required to register * * * for the time period specified in section 11-37.1-4[,]" which was "for the life of that person." At that time, § 11-37.1-2(J) defined an "aggravated offense[,]" in part, as "involving sexual penetration of victims who are fourteen (14) years of age or under."

[4] Section 11-37.1-10 contains the penalties for failure to register under the registration act. Section 11-37.1-10(a) provides that:

> "Any person who is required to register or verify his or her address or give notice of a change of address or residence who knowingly fails to do so shall be guilty of a felony and, upon conviction, be imprisoned not more than ten (10) years, or fined not more than ten thousand dollars ($10,000), or both."

This Court held that the issues in *Atryzek I* "fit[] squarely within the ambit of our holding in *Gibson*[,]" and, thus, like *Gibson*, Atryzek's duty to register was governed by § 11-37-16, and the duration of that requirement was controlled by § 11-37.1-4(a), "for a period of ten (10) years from the expiration of sentence for the offense" which gave rise to Atryzek's obligation to register. *Atryzek I*, 197 A.3d at 337, 338 (quoting § 11-37.1-4(a), as amended by P.L. 2003, ch. 162, § 1; P.L. 2003, ch. 170, § 1 (effective July 10, 2003)). Nevertheless, based on the record before us in *Atryzek I*, we were unable to determine precisely when Atryzek's sentence expired and whether his convictions for failure to register in violation of § 11-37.1-10 further extended that time period. *Id.* at 338. Thus, we quashed the judgment of the Superior Court and remanded the case for further proceedings in light of our holding in *Gibson*. *Id.*

Significantly, in *Atryzek I*, because the state consistently maintained in the Superior Court that Atryzek's lifetime duty to register stemmed from the now-repealed and replaced § 11-37-16, and not from chapter 37.1 of title 11, we unequivocally declared that the state had "waived any argument that Atryzek has a lifetime duty to register on the theory that his underlying conviction amounted to an

---

Section 11-37.1-9 sets forth registration triggering events, such as change in a person's residence into the state and within the state. *See* § 11-37.1-9(b), (d), (e).

'aggravated offense.'" *Atryzek I*, 197 A.3d at 337. We do not depart from that holding.

On remand in Superior Court, the parties submitted supplemental memoranda. Atryzek argued that he had no duty to register as a sex offender when he entered pleas of nolo contendere in the 2012 and 2013 cases; he also sought a declaration that he was no longer required to register as a sexual offender and the dismissal of any related pending felony charges.[5] The state, on remand, again asserted that Atryzek has a lifetime duty to register and, in the alternative, that his three convictions in 2012 constituted new offenses that gave rise to a *new duty* to register, independent of the underlying 1993 Massachusetts conviction. However, the trial justice determined that the state's arguments were beyond the scope of this Court's remand. In addition, the Superior Court justice found that Atryzek's obligation to register as a sex offender expired on June 19, 2010, and that the convictions in 2012 and 2013 for the four failure-to-register charges occurred after Atryzek's duty to register had expired. As a result, the trial justice vacated Atryzek's convictions for all four offenses. An order entered on June 21, 2019, memorializing the trial justice's decision, and judgment in favor of Atryzek entered on that same date. The

---

[5] The state has filed two additional criminal informations against Atryzek for failing to register as a sex offender in 2017 and 2018; P2/18-1615A and P2/19-3780A. Although these cases are not before us, our holding today should resolve them.

state filed a petition for writ of certiorari seeking review of the trial justice's determinations, which this Court granted on January 21, 2020.[6]

## Standard of Review

A party aggrieved by a final judgment entered in response to a postconviction-relief application may seek review "by filing a petition for writ of certiorari * * *." General Laws 1956 § 10-9.1-9. "Our review of a case on certiorari is limited to an examination of the record to determine if an error of law has been committed." *State v. Poulin*, 66 A.3d 419, 423 (R.I. 2013) (quoting *State v. Greenberg*, 951 A.2d 481, 489 (R.I. 2008)). "In addition to examining the record for judicial error, 'we inspect the record to discern if there is any legally competent evidence to support the findings of the hearing justice below.'" *Id.* (quoting *Brown v. State*, 841 A.2d 1116, 1121 (R.I. 2004)). "This Court will not disturb a trial justice's factual findings made on an application for post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence in arriving at those findings." *Chapdelaine v. State*, 32 A.3d 937, 941 (R.I. 2011) (quoting *Gordon v. State*, 18 A.3d 467, 473 (R.I. 2011)).

---

[6] While we, in granting the state's petition for certiorari, directed the parties to address whether the issue of Atryzek's lifetime duty to register under the state's "aggravated offense" theory was barred by the doctrine of *res judicata*, a review of that legal theory is unnecessary based on our decision herein. *See infra* n.7.

**Discussion**

Before this Court, the state first argues that the trial justice erred in vacating the convictions in the 2009 and 2010 cases, in which Atryzek's failure to register occurred prior to the expiration of his duty to register, on June 19, 2010. Second, the state argues that the trial justice erred in construing the scope of this Court's remand as precluding consideration of whether Atryzek's convictions from the 2009 and 2010 cases triggered a new duty to register.[7] We address these issues *seriatim*.

**I**

**The 2009 and 2010 Offenses**

On remand, the trial justice vacated Atryzek's four convictions for failure-to-register offenses that were alleged to have occurred in 2009, 2010, 2012, and 2013. With respect to the 2009 and 2010 offenses, the trial justice found that, because Atryzek's duty to register had expired on June 19, 2010, and Atryzek's pleas of nolo contendere for those cases were entered on February 2, 2012—after his registration requirement expired—"when those convictions did enter, there was no duty to register." The state argues that the trial justice erred in vacating the 2009 and 2010 convictions based on his finding that Atryzek had no obligation to register *when he*

---

[7] To its credit, the state, at oral argument before this Court, expressly declined to pursue its contention that Atryzek committed an aggravated offense, triggering a lifetime duty to register. Indeed, among the myriad concerns about that issue, in *Atryzek I* this Court declared it to be waived.

*pled guilty and was convicted* on February 2, 2012.  Rather, as the state contends, "the correct inquiry * * * is whether Atryzek had a duty to register *when he failed to register*," in 2009 and 2010, prior to the expiration of his registration requirement on June 19, 2010. (Emphasis added.)  We agree.

"We review questions of statutory interpretation *de novo*." *State v. Brown*, 140 A.3d 768, 775 (R.I. 2016) (brackets omitted) (quoting *State v. Hazard*, 68 A.3d 479, 485 (R.I. 2013)).  "When the statute expresses a clear and unambiguous meaning, the task of interpretation is at an end and this Court will apply the plain and ordinary meaning of the words set forth in the statute." *State v. Marsich*, 10 A.3d 435, 440 (R.I. 2010) (brackets omitted) (quoting *State v. Smith*, 766 A.2d 913, 924 (R.I. 2001)).

Pursuant to § 11-37.1-18, the obligation to register for "[a]ny person who pursuant to the provisions of former § 11-37-16 had a duty to register" was preserved and governed by the provisions of chapter 37.1 of title 11.  Anyone convicted of a "criminal offense against a victim who is a minor[,]" § 11-37.1-3(a)(1), is obligated to "annually register * * * for a period of ten (10) years from the expiration of sentence for the offense[.]" Section 11-37.1-4(a).  In *Gibson*, we declared this language to be "clear and unambiguous[.]" *See Gibson*, 182 A.3d at 548.

"The existence of a legal duty is purely a question of law," *Kuzniar v. Keach*, 709 A.2d 1050, 1055 (R.I. 1998), which this Court reviews *de novo. See, e.g.*,

*Haviland v. Simmons*, 45 A.3d 1246, 1256 (R.I. 2012); *State v. Lopez-Navor*, 951 A.2d 508, 510-11 (R.I. 2008). Having determined that Atryzek was convicted in 1993 and that his registration mandate ran for "ten (10) years from the expiration of sentence for th[at] offense[,]" we remanded the case for a limited purpose and directed the trial justice to determine when his Massachusetts sentence expired. *Atryzek I*, 197 A.3d at 338.

Thus, the trial justice was tasked with determining (1) the expiration of Atryzek's sentence and correlating termination of his duty to register; and (2) whether Atryzek was under a duty to register at the time of the various convictions for which he sought relief.[8] *See Atryzek I*, 197 A.3d at 338. On remand, the trial justice found that Atryzek's sentence for the 1993 Massachusetts conviction expired on June 19, 2000, and that his requirement to register terminated on June 19, 2010. The trial justice also found that the 2009 and 2010 charges were filed before June 19, 2010, but that Atryzek was convicted by plea in 2012, after the registration requirement had expired.[9]

---

[8] Whether a person breaches a legal duty "is a question of fact that must be resolved by the fact-finder[,]" *Martin v. Marciano*, 871 A.2d 911, 919 (R.I. 2005), which is a function of the trial justice in the context of a postconviction-relief application. *See, e.g., Jolly v. Wall*, 59 A.3d 133, 138 (R.I. 2013).

[9] Specifically, the trial justice found that the criminal information for the 2009 offense was filed on June 30, 2009, and that the criminal information for the 2010 offense was filed on March 5, 2010.

The offenses of failure to register were alleged to have occurred on May 22, 2009, and January 28, 2010, respectively. Because the prosecution for those crimes commenced before June 19, 2010, the offenses occurred while Atryzek still had a duty to register. Accordingly, the trial justice erred when he vacated the convictions based on the finding that Atryzek had no duty to register *when he was convicted in 2012*, rather than focusing on the dates the offenses occurred. Consequently, we quash that portion of the trial justice's June 21, 2019 order and judgment that vacated Atryzek's convictions in P2/09-2042A and P2/10-740A.

## II

### New Independent Duty to Register

The trial justice also declined to entertain the state's argument that Atryzek's convictions in 2012, for the 2009 and 2010 offenses, gave rise to a new duty to register, and determined that "the duration of the new offenses are beyond the scope" of this Court's remand. Atryzek argues before this Court that the state did not raise the claim that he had a new independent duty to register in the initial postconviction relief proceedings and, thus, the claim should be deemed waived. For its part, the state contends that, in *Atryzek I*, this Court contemplated that the question of whether Atryzek had a new duty to register, independent of the 1993 conviction, would be addressed on remand. The state advances the theory that, because Atryzek was convicted in 2012 for the charges of failure to register filed in 2009 and 2010, the

- 12 -

statutes then in effect provided that the 2012 convictions triggered an entirely new requirement to register for a period of ten years—in addition to the registration requirement from the 1993 conviction, which requirement ended in June 2010.[10] According to the state, the 2009 and 2010 cases created a new duty to register that arose as a result of Atryzek's pleas of nolo contendere in 2012, and, the state argues, this theory could serve as the basis for Atryzek's conviction in the 2013 case.[11] We reject this contention.

It is well established that, absent narrow exceptions, "a litigant cannot raise an objection or advance a new theory on appeal [or on certiorari] if it was not raised before the trial court." *Cusick v. Cusick*, 210 A.3d 1199, 1203 (R.I. 2019) (quoting *Rohena v. City of Providence*, 154 A.3d 935, 938 (R.I. 2017)). This practice serves important dual purposes. *See State v. Burke*, 522 A.2d 725, 731 (R.I. 1987). "Not only does the rule serve judicial economy by encouraging resolution of issues at the

---

[10] We shall refer herein to Atryzek's registration mandate based on the 1993 conviction as the "initial requirement."

[11] Presumably, the criminal informations filed in 2018 and 2019, *see supra* at n.5, emanated from a failure to register under this purported new duty to register; a conviction in those cases would result in yet another registration requirement, under the state's theory—potentially leading to a continuum of registration requirements on the installment plan, with no end in sight for an accused whose initial requirement arose pursuant to a guilty plea in 1993, when he was seventeen years old.

trial level, it also promotes fairer and more efficient trial proceedings by providing opposing counsel with an opportunity to respond appropriately to claims raised." *Id.*

In 1993, when Atryzek was convicted of statutory rape in Massachusetts, this state's law mandated that any person who was "convicted in another state of first degree sexual assault which if committed in this state would constitute a violation of [chapter 37 of title 11] shall * * * register" as a sex offender upon moving to Rhode Island. Section 11-37-16, as amended by P.L. 1992, ch. 196, § 1 (effective July 21, 1992). As discussed *supra*, in 1996 the registration act, set forth in chapter 37.1 of title 11, repealed and replaced the registration requirements of § 11-37-16, and provided for a savings clause contained in § 11-37.1-18. *See* P.L. 1996, ch. 104, §§ 1, 3. In 2008, after Atryzek served his sentence for the 1993 conviction and his probation ended (approximately fifteen years after Atryzek's initial requirement arose and eight years after his sentence expired), the General Assembly amended the definition of the criminal offense under which Atryzek's conviction befell in the registration act. *See* P.L. 2008, ch. 155, § 1; P.L. 2008, ch. 202, § 1.

Specifically, in 2008, the General Assembly amended the definition of "[c]riminal offense against a victim who is a minor" as contained in § 11-37.1-2 to also include a conviction for failure to register in violation of § 11-37.1-10. *See* P.L. 2008, ch. 155, § 1; P.L. 2008, ch. 202, § 1. Any person convicted of this newly defined "criminal offense" of failure to register was required to register as a sex

offender for ten years beyond the expiration of the sentence for that new offense. *See* §§ 11-37.1-3(a) and 11-37.1-4(a), as amended (2008). Nevertheless, the General Assembly, in 2018, repealed that part of the definition, and a conviction for failing to register under § 11-37.1-10, standing alone, no longer qualifies as a "[c]riminal offense against a victim who is a minor[.]"[12] *See* P.L. 2018, ch. 157, § 1; P.L. 2018, ch. 259, § 1; *see also* § 11-37.1-2(f).

However, the statutory definition of the crime or criminal offense against a victim who is a minor was amended in 2008 to include a conviction for failing to register in violation of § 11-37.1-10, and that definition remained in effect until § 11-37.1-2 was amended in 2018.[13] Therefore, the state contends, Atryzek's failure-to-register convictions for the 2009 and 2010 offenses fall under the then-existing definition of "[c]riminal offense against a victim who is a minor" and

---

[12] Pursuant to § 11-37.1-3(a)(9), a conviction for failure to register as a sex offender under § 11-37.1-10 gives rise to a registration requirement of an unspecified duration, but it does not change the definition of the original criminal offense. This is the current state of the law.

[13] In *State v. Gibson*, 182 A.3d 540 (R.I. 2018), in response to the defendant's *ex post facto* challenge to the registration act's amendments, which extended the duration of his duty to register, this Court made clear that, although the duty to register "follows as a consequence of a criminal conviction, sexual offender registration and notification is a *civil* regulatory process." *Gibson*, 182 A.3d at 554 (quoting *State v. Germane*, 971 A.2d 555, 593 (R.I. 2009)). As a "*civil regulatory scheme*," a retroactive extension of the defendant's duty to register in *Gibson* did not implicate Rhode Island's *ex post facto* clause. *Id.* at 555 (emphasis added). It is a much different circumstance when the General Assembly attempts to redefine a failure-to-register offense as a criminal offense against a minor victim.

triggered a new duty to register for ten years from the expiration of the sentences for those offenses. *See* §§ 11-37.1-2; 11-37.1-3; 11-37.1-10.

Although the state has valiantly attempted to persuade this Court of the correctness of its argument, we are not convinced. While *Atryzek I* was pending in this Court, and after our decision in *Gibson*, the state attempted to assert new theories justifying a continuing registration requirement, including that, because the definition of the criminal offense of sexual offense against a minor had been amended in 2008, as set forth *supra*, Atryzek's failure-to-register convictions triggered an obligation to register.[14] We reject these arguments under our well-settled raise-or-waive jurisprudence.

---

[14] For instance, in its supplemental memorandum after our decision in *Gibson*, the state argued that, because the convictions for failure to register in 2009 and 2010 triggered a new obligation to register, Atryzek was required to register at the time he was charged in 2012 and 2013 for failure to register. On remand, the state again advanced this argument, in the same truncated manner; for instance, the parties submitted supplemental memoranda to the Superior Court, and the state asserted that

> "since the General Assembly amended R.I. Gen. Laws § 11-37.1-2 in 2008 to provide that a conviction for failing to register as a sex offender, *see* R.I. Gen. Laws § 11-37.1-10, gave rise to a duty to register as a sex offender, Atryzek would have had a duty to register as a sex offender in 2012 and 2013 based on his 2009 and 2010 failure to register convictions irrespective of whether he still had a duty to register based on his 1992 [*sic*] Massachusetts conviction."

Until the instant petition, the state had made no mention of an argument under the additional sections of the registration act it now points to, such as §§ 11-37.1-3(a)

- 16 -

Notably, in the initial postconviction-relief proceedings, the state never raised the argument that the 2008 statutory changes, providing that the failure to register was a "[c]riminal offense against a victim who is a minor[,]" could serve to amend the definition of Atryzek's criminal offense for which he was convicted in 1993. In *Atryzek I*, the trial court and this Court were faced with the state's claims that Atryzek's registration requirements arose from his underlying 1993 conviction. In *Atryzek I*, this Court was unable to determine the duration of Atryzek's initial requirement or whether failing to register "further *extended Atryzek's duty* [under the initial requirement] to register" beyond the ten years from the expiration of his sentence for the 1993 conviction. *Atryzek I*, 197 A.3d at 338 (emphasis added).

---

and 11-37.1-4(a), or of its argument that these provisions collectively require a person convicted of a criminal offense against a victim who is a minor, which at the time included a conviction for failing to register, to register for ten years from the expiration of sentence for the failure-to-register offense. In its brief before this Court, the state argues that,

> "Applying the plain language of R.I. Gen. Laws §§ 11-37.1-3(a), 11-37.1-2(e)(7), and 11-37.1-10 in effect at the time, Atryzek's February 2, 2012, convictions for failing to register as a sex offender triggered or gave rise to a duty to register as a sex offender independent of his Massachusetts conviction[,] * * * [the duration of which] runs for ten years from the expiration of the * * * sentences [for failing to register imposed in 2012] or until February 2, 2027."

- 17 -

Neither this Court nor the trial court contemplated an entirely new registration requirement that was not based on Atryzek's original offense.[15]

Critically, the criminal informations for the failure-to-register offenses at issue in this case, as well as the judgments of conviction and the notices to register that were provided to Atryzek, reflect that his registration obligations arose from his underlying 1993 conviction and *nothing else*. In addition, the case file for P2/13-1293A reveals that Atryzek was released from prison on May 23, 2012. At that time, Atryzek was provided with a "Notice of Duty to Register" by the Department of Corrections, providing that he had a duty to register based on his conviction for statutory rape, pursuant to § 11-37.1-18, and not for failing to register under any other iteration of the registration act. Significantly, neither the plea forms nor the judgments of conviction for the cases before us reflect any conditions to Atryzek's sentences, such as an additional ten-year registration requirement as a sex offender for violation of § 11-37.1-10, from which Atryzek could enter a knowing and intelligent plea. Additionally, there is no suggestion in any of the records before this

---

[15] In *Gibson*, this Court acknowledged that the 2008 amendment to the definition of a "[c]riminal offense against a victim who is a minor" in § 11-37.1-2 included a conviction for failure to register in violation of § 11-37.1-10; we decided to "leave that issue for another day." *Gibson*, 182 A.3d at 558 n.18.

Court that Atryzek was advised at the time of the pleas that his convictions would give rise to new registration requirements for an additional ten years.

Nevertheless, in its papers before this Court, the state has articulated a laundry list of statutes that it deems applicable to its new duty-to-register theory.[16] The state now submits that, applying §§ 11-37.1-2(e)(7) (2008), 11-37.1-10, 11-37.1-3(a), and 11-37.1-4(a) together, Atryzek's 2012 convictions for failing to register gave rise to a new registration requirement, independent of his initial requirement, which would run for ten years from the expiration of his five-year sentence from the 2009, 2010, and 2012 cases, and that his 2013 conviction gave rise to yet another new duty to register for ten years from the expiration of his seven-year sentence from the 2013 conviction. We decline to engage in such a connect-the-dots analysis.

The determination of whether Atryzek had a new and independent registration requirement that arose not from the actual sexual-assault conviction in 1993, but rather from the convictions for failure to register in 2009 and 2010, is a significant question of law that was neither advanced before the trial court in the initial postconviction-relief proceedings, nor properly advanced before this Court. *See Kuzniar*, 709 A.2d at 1055 ("The existence of a legal duty is purely a question of

---

[16] Whereas in *Atryzek I* and on remand in the Superior Court, the state asserted that § 11-37.1-2(e)(7) (2008) and § 11-37.1-10 applied, here, the state asserts that §§ 11-37.1-2(e)(7) (2008), 11-37.1-10, 11-37.1-3(a), and 11-37.1-4(a) together create a new duty, as the failure to register was, at the time of Atryzek's failure-to-register offenses, considered a "[c]riminal offense against a victim who is a minor[.]"

law, and the court alone is required to make this determination."). Based on the record before this Court, a new duty to register was not set forth in the criminal informations, the plea forms, the plea proceedings, or the judgments of conviction. Further, there is no suggestion that this circumstance was explained to the accused at the time of the plea. Thus, the state's opportunity to establish, to the satisfaction of the trial justice and this Court, in a connect-the-dots fashion, that the 2008 amendment to the definition of a "[c]riminal offense against a victim who is a minor" applies to a long-expired 1993 conviction and sentence and, if so, whether a conviction for failing to register results in new, additional, or expanded registration obligations, has long passed.[17]

Notwithstanding the state's waiver, and despite the undisputed facts that Atryzek's registration obligations expired on June 19, 2010, we pause to discuss the concerns that underlie this new registration requirement.

In 2008, the General Assembly redefined the criminal conduct that gave rise to Atryzek's initial requirement to register by adding a conviction for failure to

---

[17] Because, as noted herein, the definition of a "[c]riminal offense against a victim who is a minor" under § 11-37.1-2 including a violation of failing to register under § 11-37.1-10 was repealed in 2018, the common law rule of abatement may be applicable to any pending charges. *Cf. State v. Mullen*, 740 A.2d 783, 786 (R.I. 1999) (holding that "it is inconsistent with the intent of the Legislature to prosecute acts that are no longer criminal offenses * * * [because] [i]t is fundamentally unfair to prosecute an individual for prior conduct that would now not constitute a violation of law").

register to the definition of "[c]riminal offense against a victim who is a minor[.]" Section 11-37.1-2(e) (2008) (current version at § 11-37.1-2(f)); *see* P.L. 2008, ch. 155, § 1. As a result, one who failed to register could be said to have been convicted, under § 11-37.1-10, of a "[c]riminal offense against a victim who is a minor[,]" even if the original offense did not involve a minor at all. Thus, a person convicted for failure to register—which is not a sexual offense—would nonetheless be required to register as having committed a sexual offense against a victim who is a minor. The application of such a provision deserves nothing less than a full opportunity to be heard. The appropriate time to begin such a challenge should be in the charging and pretrial stages of the prosecution, beginning with notice to the accused.

Before us, the state argues that, in *Atryzek I*, this Court contemplated that the trial court would entertain this new theory on remand. We disagree. "Our cases make clear that the [trial] courts * * * that receive our remand orders may not exceed the scope of the remand or open up the proceeding to legal issues beyond the remand." *Willis v. Wall*, 941 A.2d 163, 166 (R.I. 2008). In *Atryzek I*, we remanded the action for the determination of when the expiration of Atryzek's sentence for the Massachusetts offense occurred and, thus, when the duration of his duty to register for *that offense* terminated. *See Atryzek I*, 197 A.3d at 338. We included in the factfinding process an inquiry into whether failing to register "further *extended Atryzek's duty* to register[,]" based on the 1993 conviction, *not* whether failing to

- 21 -

register created a new registration requirement. *Id.* (emphasis added). Such an inquiry would "open up the proceeding to legal issues beyond the remand[,]" *Willis*, 941 A.2d at 166; thus, the trial justice properly precluded this new legal theory from his review.

Finally, the state has conceded that, under its theory, there would have been a gap in Atryzek's duty to register from June 19, 2010, when his registration obligation from the 1993 conviction ended, until February 2, 2012, when Atryzek entered pleas of nolo contendere to the failure-to-register offenses. We are hard-pressed to contemplate that the Legislature anticipated an intermittent registration requirement based on statutory amendments to the underlying offense. The possibility of a new duty to register based on Atryzek's failure-to-register convictions in 2012 would have opened the door, as counsel for Atryzek has cogently argued, to further inquiry into whether Atryzek entered knowing and voluntary pleas in 2012 and 2013, and of the effectiveness of his counsel at the time. *See Rodrigues v. State*, 985 A.2d 311, 313-14 (R.I. 2009) (discussing Rule 11 of the Superior Court Rules of Criminal Procedure, codifying the manner in which a plea proceeding must be conducted in the Superior Court). Thus, the trial justice did not err in declining to address the effect, if any, of the failure-to-register convictions on Atryzek's duty to register. What is clear is Atryzek is under no obligation to register as a sex offender in Rhode Island.

## Conclusion

For the reasons stated herein, we quash in part and affirm in part the judgment of the Superior Court. We quash that portion of the judgment that vacated the convictions for the 2009 and 2010 offenses. The remainder of the judgment is affirmed. The papers in this case shall be returned to the Superior Court with our decision endorsed thereon.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Sebastian Wells Atryzek v. State of Rhode Island. |
| **Case Number** | No. 2019-215-M.P.<br>(PM 15-4499) |
| **Date Opinion Filed** | February 11, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice William E. Carnes, Jr. |
| **Attorney(s) on Appeal** | For Applicant:<br><br>Carl J. Ricci, Esq. |
| | For State:<br><br>Christopher R. Bush<br>Attorney General Department |